JESSIE G. SHEEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 543.    Promulgated February 10, 1927.

Petitioner is entitled to a deduction for an amount paid to agents in the sale of real estate.

*Morey Dunn, Esq.*, for the petitioner.
*A. R. Marrs, Esq.*, for the respondent.

Proceeding for the redetermination of a deficiency in income tax for the year 1919 in the amount of $727.26.

Petitioner was formerly Mrs. Jessie G. Sheen, widow, and notice of the determination of the deficiency here in controversy was mailed to her under that name. She has since remarried and is now Mrs. Jessie G. Sheen-Westberry.

Her former husband, Franklin Sheen, died testate in 1917, appointing the petitioner his executrix. The petitioner filed an income-tax return for the calendar year 1919, and therein reported $4,448.18 as received from " Estate of Franklin Sheen as fiduciary for beneficiaries," and paid a tax thereon.

In the same return the petitioner reported a profit of $3,000 from the sale of certain real estate in the year 1919. This sale was reported as a sale made on the installment or deferred payment plan. The initial payment received by her in this transaction was more than 25 per cent of the selling price and the Commissioner determined that for income-tax purposes the transaction was a cash transaction and the entire profit taxable in the year in which the transaction occurred. The petitioner failed to take a deduction in her tax return for $2,000 commissions paid to agents in effecting the real estate transaction. She paid this commission of $2,000 in the taxable year.

OPINION.

KORNER, *Chairman*: The petitioner takes no exception to the determination of the Commissioner that the real estate transaction in 1919 was a cash transaction, but now claims that in computing the profit thereon she is entitled to deduct a commission of $2,000 paid to agents in that transaction. The evidence that she paid this commission is uncontradicted and her contention in this respect is allowed. She is entitled to a deduction of $2,000.

The other issue involves the right of petitioner to eliminate from her taxable income $4,448.18 reported by her in her tax return, but which she now claims was so reported in error. Her contention is that the amount in question was received by her in a fiduciary capacity from the estate of her former husband. If proof of this fact had been adduced, the contention of the petitioner might properly be allowable. But such proof is lacking in this record. The petitioner was unable to testify whether the fiduciary capacity under which she claims was that of executrix, guardian or trustee. She testified that her former husband had left a will but no showing of its provisions was offered to the Board. She testified that she had been advised by a former legal adviser that she occupied a fiduciary relationship to the money in question. Beyond that she seemed unable to go. The declarations contained in the tax return

bearing on this point are clearly self-serving declarations in this proceeding. The petitioner's contention as to this second issue is not sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*