ANNIE LAURIE CRAWFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4892. Promulgated May 22, 1945.

*Lee W. Eckels, Esq.*, for the petitioner.
*Francis X. Gallagher, Esq.*, for the respondent.

### OPINION.

SMITH, *Judge*: This proceeding involves an income tax deficiency for 1940 in the amount of $38,551.12. The only question in issue is whether petitioner is entitled to deduct fees of $50,000 which she paid to a firm of attorneys in 1940 for representing her in an appeal to the Supreme Court of Pennsylvania against a ruling of the Orphans' Court disqualifying her as coexecutor of her deceased husband's estate.

Most of the essential facts are set out in a written stipulation which we incorporate herein by reference. A summary of the facts of record will suffice here.

Petitioner is a resident of Greenwich, Connecticut. She maintains a business address at 800 Union Trust Building, Pittsburgh, Pennsylvania, and she filed her income tax return for 1940 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh.

Petitioner's husband, George W. Crawford, died testate April 6, 1935, leaving an estate, consisting principally of personal property, of an appraised value of over $29,000,000. Decedent left the bulk of his estate in trust, naming his wife, petitioner herein, and the Union Trust Co. of Pittsburgh as coexecutors and trustees of his estate. The residuary estate was to be held in trust and the income therefrom paid two-thirds to decedent's wife and one-third to their minor daughter.

In 1936 petitioner, after having qualified as coexecutor and joined with the other executor in filing a bond of $20,000,000, made an election to take against the will. Under her election she received one-half of the principal of decedent's estate, and the trust for her benefit was thereby terminated. She continued to act as coexecutor under the will and as cotrustee for the benefit of her daughter as to the remaining one-half of the estate. In the meantime a trustee ad litem was appointed by the Orphans' Court for unborn persons having a possible interest in the estate.

The executors filed their first account as executors, their first and final account as trustees of the trust for petitioner, and their first account as trustees of the trust for the daughter, on February 4, 1938. The accounts were confirmed by the Orphans' Court in September 1938. The executors' account showed the payment to petitioner in 1935, 1936, and 1937 of executors' compensation in the aggregate amount of $127,-500. The executors filed a second account on November 2, 1939, which showed a payment to petitioner of executors' compensation of $7,500 in 1938. Thereafter, and while the second account was under consideration by the Orphans' Court, the trustee ad litem raised a question before the court as to whether petitioner had rendered herself incompetent to act as coexecutor of the estate, inasmuch as she was no longer a resident of the Commonwealth of Pennsylvania, having established a residence in Connecticut, and had elected to take against the will. Petitioner in January 1940 retained the firm of Thorp, Bostwick, Reed & Armstrong, attorneys of Pittsburgh, to represent her in the pending proceeding before the Orphans' Court and in any appeal from that court which might become necessary.

The Orphans' Court entered its decree on February 1, 1940. The

effect of the decree was to disqualify petitioner to act as an executor of the estate and to require her to repay to the estate the executors' compensation in the amount of $7,500 which she had received in 1938 and a like amount which she had received in 1939 after the second account had been filed.

Petitioner, by her attorneys, filed exceptions to the court's decree and after argument thereon was heard by the Orphans' Court *en banc* the exceptions were dismissed. Thereupon petitioner appealed from the dismissal of the exceptions to the Supreme Court of Pennsylvania and in the October term of 1940 that court handed down an opinion (reported at 340 Pa. 187; 16 Atl. (2d) 521) reversing the Orphans' Court and ordering petitioner reinstated as coexecutor.

In December 1940 petitioner received additional, and final, executors' compensation of $32,500 from the estate. She had previously agreed that she should receive no compensation for her services as trustee.

At intervals during 1940 petitioner paid fees to the firm of Thorp, Bostwick, Reed & Armstrong for their services in connection with the above described litigation in the aggregate amount of $50,000. She claimed that amount as a deduction from her gross income for 1940. In his audit of the return the respondent disallowed the claimed deduction and made other adjustments not here in controversy, which resulted in the increase of petitioner's tax liability for that year from $301,726.44 as reported to $340,277.56, or a deficiency of $38,551.12.

Our only question is whether that portion of the deficiency which results from the disallowance of the deduction of the attorney fees was erroneously determined. Petitioner contends that the attorney fees are deductible in 1940 either as an ordinary and necessary business expense or as an ordinary and necessary nonbusiness expense paid for the collection or production of income.

We held in *John Preston Rice*, 44 B. T. A. 749, that in serving as executor of a large estate for compensation of a substantial amount the taxpayer was engaged in a trade or business within the meaning of section 23 (a) of the Revenue Act of 1934 and was therefore entitled to deduct an amount which he paid to another for aiding him in the administration of the estate. On the facts that case is distinguishable from the instant case as to the question of whether petitioner, as coexecutor of the estate, was engaged in carrying on a business.

It could not be seriously questioned, we think, that if petitioner's position as coexecutor was a business the fees which she paid to her attorneys for their services in establishing her legal right to carry on that business, after she had been disqualified by the Orphan's Court, were an ordinary and necessary expense of the business. Peti-

tioner was not charged with any wrongful act and her fitness to serve as coexecutor did not involve any question of public policy.

The *John Preston Rice* case was decided prior to the retroactive amendment to section 23 (a), Internal Revenue Code, by section 121 of the 1942 Act. As amended the statute (sec. 23 (a) (2), I. R. C.) authorizes the deduction:

\* \* \* in the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

Even if the attorney fees here were not deductible as ordinary and necessary business expense under section 23 (a) (1), we think that they would have to be treated as an ordinary and necessary nonbusiness expense in the production or collection of income, under section 23 (a) (2). They were an expense directly related to the earning of the executors' compensation, for without prosecuting her appeal from the ruling of the Orphans' Court petitioner would have been barred from earning further compensation as coexecutor and would have been forced to turn back to the estate at least a portion, and probably all, of the compensation which she had already received.

We think that the respondent erred in his disallowance of the amount of the attorney fees in 1940.

*Decision will be entered under Rule 50.*