FRANK M. COBB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12617. Promulgated February 25, 1948.

*W. Dean Hopkins, Esq.*, for the petitioner.
*Philip J. Wolf, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: The sole question presented herein is whether petitioner may deduct from gross income the amount of attorneys' fees paid by him in the taxable year in connection with litigation arising out of a dispute with regard to Federal gift taxes under the facts detailed in our findings. Petitioner contends that they are deductible under the provisions of section 23 (a) (2) of the Internal Revenue Code.[1] Respondent contends that they are not deductible pursuant

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:

    \*        \*        \*        \*        \*        \*        \*

  (a) EXPENSES.—

    \*        \*        \*        \*        \*        \*        \*

  (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

to his construction of the statute in Regulations 111, section 29.23 (a)–15 (*b*), as amended by T. D. 5513.[2]

It has been held that when expenses have been incurred by reason of contesting income taxes, and these taxes were a proximate result of the holding of property for the production of income, then such expenses are deductible under section 23 (a) (2). *Bingham* v. *Commissioner*, 325 U. S. 365; *Howard E. Cammack*, 5 T. C. 467. It has also been held that expenses incurred in litigation involving Federal income tax liability are deductible without regard to whether the income out of which the dispute has arisen is derived from property. *Herbert Marshall*, 5 T. C. 1032. But it has never been held that expenses incurred in litigation involving the Federal gift tax liability of a taxpayer are deductible from gross income by reason of section 23 (a) (2).

In our opinion such expenses can not be deducted. They are not expenses directly connected with or proximately resulting from the production or collection of income, as it might be said concerning expenses incident to disputes involving income tax liability. Cf. *Herbert Marshall, supra*. It is also impossible to conclude that the giving away of property for the purpose of reducing income is embraced by the phrase "The management, conservation, or maintenance of property held for the production of income," and, therefore, expenses incident to such a gift are not those to which this part of section 23 (a) (2) applies. We have already held this as to expenses incurred incident to a gift of income-producing property, but before the gift was actually made. *Nancy Reynolds Bagley*, 8 T. C. 130. *A fortiori*, when the expenses incident to a gift are incurred at or after the time the property given passes from the donor, it can not be said that the expenses have "a proximate connection with the management, conservation, or maintenance of such property." *Nancy Reynolds Bagley, supra*, p. 135.

However, the contention is made that any liability of petitioner on account of gift taxes would result in a lien upon his income-producing property, that the payment of attorneys' fees in the gift tax litigation was necessary in order to protect the taxpayer's property

[2] * * * Expenses paid or incurred by an individual in the determination of liability for taxes upon his income are deductible. If property is held by an individual for the production of income, amounts expended in determining a property tax imposed with respect to such property during the period when so held are deductible. Expenses paid or incurred by an individual in determining or contesting any liability asserted against him do not become deductible, however, by reason of the fact that property held by him for the production of income may be required to be used or sold for the purpose of satisfying such liability. Thus, expenses paid or incurred by an individual in the determination of gift tax liability, except to the extent that such expenses are allocable to interest on a refund of gift taxes, are not deductible, even though property held by him for the production of income must be sold to satisfy an assessment for such tax liability or even though, in the event of a claim for refund, the amount received will be held by him for the production of income.

from such a lien, and that the satisfaction of the liability asserted on account of gift taxes and the payment of expenses incurred in defending him against the assertion of that liability resulted in petitioner's being forced to sell a part of his income-producing property. Therefore, petitioner reasons, payment of these expenses was directly connected with the management and conservation of income-producing property.

This argument, to paraphrase our language in *John W. Willmott*, 2 T. C. 321, would result in a conclusion that the expenses of defending any type of litigation, even actions for slander or for alienation of affections, would be deductible by any taxpayer who owned property held for the production of income. We reiterate our conclusion reached in that case that section 23 (a) (2) does not go, and was not intended to go, so far.

As we said in *Don A. Davis*, 4 T. C. 329, 334, section 23 (a) (2) "was intended to give a deduction for ordinary and necessary expenses to one not engaged in carrying on a business, limited, however, to the extent set forth in this subsection and under circumstances where such expenditures would be allowable to one engaged in carrying on a trade or business." And in *Harold K. Hochschild*, 7 T. C. 81, 87 (reversed on another ground, 161 Fed. (2d) 817), we said: "The test accordingly seems to us to be whether prior to the amendment [sec. 121, Revenue Act of 1942] such a deduction as that now in controversy would have been permitted to a taxpayer admittedly engaged in carrying on a trade or business." Stated another way, section 23 (a) (2) treats the activities of producing or collecting income, and of managing, conserving, or maintaining property held for the production of income as a business for the purpose of permitting the deduction of the *ordinary and necessary expenses incident to these activities* in the same manner and to the same extent as trade or business expenses. A taxpayer actually engaged in business and owning property devoted to that business may not deduct as ordinary and necessary business expenses attorneys' fees incurred in gift tax litigation merely because his business property may become subject to a lien on account of the asserted gift tax liability. These expenses are personal and are not ordinary and necessary in the conduct of his business. By the same token the expenses involved in the instant case were personal and were not ordinary and necessary expenses incident to petitioner's activities (or "business") of producing or collecting income, or managing, conserving, or maintaining property held for the production of income.

It should be noted that if petitioner's argument on this point had validity, then it would logically follow that the gift taxes themselves would be deductible, since it is the payment of these taxes that pro-

tects petitioner's income-producing property from the lien which would encumber that property if they were not paid. In fact, it would be difficult, as we have already pointed out, to think of any claims made against a taxpayer owning property, or expenses incident to claims, the payment of which would not be deductible under such an argument. A construction of the statute reaching that result is unwarranted and is precluded by prior opinions of this Court.

We conclude that respondent's regulations upon this question, which have been quoted in the footnote, *supra*, correctly state the law, and that the attorneys' fees here involved are not deductible by petitioner under section 23 (a) (2) of the Internal Revenue Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

JOHNSON, *J.*, concurs only in the result.

---

VAN FOSSAN, *J.*, dissenting: Finding myself in complete disagreement with the holding of the majority of the Court, I shall set forth my views at some length.

We are not here concerned with expenses incurred in connection with the *disposition* of income-producing property by way of gift in trust or otherwise. *Nancy Reynolds Bagley*, 8 T. C. 130, in so far as it denied the deduction as nonbusiness expenses of fees paid in connection with the disposition of income-producing property by way of gift in trust, is therefore not controlling.

It was stipulated by the parties that the amount of $2,260 was paid for advice and services of attorneys in connection with the gift tax dispute. The gifts had been completed and the fees were incurred only in connection with the amount of gift taxes due as a result of the completed gifts. In the *Willmott* case, on which the majority rely, the taxpayer claimed a deduction of attorney fees incurred for services rendered in connection with certain income tax litigation which arose principally out of the denial by the Commissioner of the validity, for income tax purposes, of a transfer by taxpayer as a gift to his wife of a one-half interest in certain income-producing property for the purpose of reducing his income taxes. The Court held that since the original transaction, i. e., the transfer of the one-half interest in taxpayer's property to his wife, was not proximately related to the production or collection of income or to the management, conservation, or maintenance of property held for the production of income, any litigation arising out of this transaction involving its tax consequences was also not related to the management, conservation, or maintenance of such property, and that, therefore, fees paid in connection with the litigation were not deductible under section 23 (a) (2).

The respondent concedes that under the regulations, as amended May 14, 1946, by T. D. 5513, to conform to the decision in *Bingham* v. *Commissioner*, 325 U. S. 365, fees of the type involved in the *Willmott* case are now deductible. In effect, he thus concedes that the *Willmott* case was overruled by the *Bingham* case. However, he argues that the part of the opinion in the *Willmott* case stating that "expenses of defending any type of litigation" are not "deductible by the owner of property because of the possibility that a judgment lien might attach to it" still stands. The majority have adopted this view.

Although section 23 (a) (2) may not be so broad in scope as to permit a deduction to an owner of property of "expenses of defending any type of litigation" merely because of the possibility that a judgment lien might attach to his property, it does permit the deduction to the owner of income-producing property of expenses incurred or paid in resisting the imposition of taxes and defending such property against a lien. *Bingham* v. *Commissioner*, *supra*, which affirmed *Mary Lily Bingham Trust*, 2 T. C. 853. In that case we stated, in respect to the litigation and resultant expenses therein involved:

> * * * the sole purpose and object of the litigation and the proximate cause of the expenditure were to relieve the estate from the payment of the deficiency in income tax determined by the Commissioner, which was the subject matter of the litigation. The effort of petitioners in seeking, through this litigation, to give such relief to the estate was, in our opinion, obviously a factor in the conservation, management, and maintenance of the property of that estate, concededly held for the production of income, since in resisting the imposition of the tax the trustees were performing the required duty of protecting and defending the trust property in their hands against any claim or lien for the tax. * * *

Such statement is equally applicable herein, where the subject of the litigation was a deficiency in gift tax determined by the Commissioner and the taxpayer is an individual instead of a testamentary trust. The difference in tax and taxpayer does not justify a different conclusion. Litigation expenses resulting from a dispute involving a deficiency in gift tax fall within the category of "ordinary and necessary expenses" deductible under section 23 (a) (2), as do expenses resulting from a dispute involving income tax, so long as they proximately result from the management or conservation of property held for the production of income. The additional tax was asserted against taxpayer and, had he not resisted payment, he would have been liable for the payment of the entire amount claimed. It is found as a fact that, if taxpayer had been required to pay the deficiency originally claimed, it would have been necessary for him to sell income-producing securities. His efforts were not directed to the

conserving of the property he had transferred as gifts, but to the conservation of the income-producing property which remained after he had made the gifts. Under the circumstances, it is immaterial that the tax was not an income tax, but a gift tax.

I am unable to agree with the majority's attempt to straight-jacket expenses of the type here involved and to narrow this relief provision (section 23 (a) (2)), nor am I disturbed by the fear that possesses my brothers that to allow the taxpayer to prevail opens wide the door to countless deductions. As said in *Hyman Y. Josephs*, 8 T. C. 583, 588, "Following the *Bingham* case, this and other courts have taken a noticeably broader view of section 23 (a) (2)." In that case an amount paid by an administrator in compromise of a suit to recover damages for the alleged mismanagement by him of the estate and attorney fees incurred therein were allowed as nonbusiness expenses under section 23 (a) (2). See also *David L. Loew*, 7 T. C. 363, allowing as nonbusiness expense deductions, amounts paid to two accounting firms for services in keeping books, preparing income tax returns, and taking care of taxpayer's office during his absence from the country; *William Heyman*, 6 T. C. 799, allowing as a nonbusiness expense deduction, an amount paid to accountants for services in connection with the examination of taxpayer's returns as a result of which he paid additional income taxes and in handling a dispute involving a New York emergency tax later repealed; *Philip D. Armour*, 6 T. C. 359, allowing as nonbusiness expense deductions, attorney fees incurred in connection with litigation over personal holding company surtax deficiencies for which taxpayer was liable as transferee, and other miscellaneous legal fees; *Herbert Marshall*, 5 T. C. 1032, allowing as nonbusiness expense deductions, legal fees paid in 1940 and 1941 in connection with litigation pertaining to income tax deficiencies for prior years; *Howard E. Cammack*, 5 T. C. 467, allowing as a nonbusiness expense deduction, legal fees incurred in connection with securing a refund of income taxes; *Stoddard* v. *Commissioner*, 152 Fed. (2d) 445, reversing a decision by the same court in 141 Fed. (2d) 76, rendered prior to the *Bingham* case; and *Williams* v. *McGowan*, 152 Fed. (2d) 570.

It is my judgment that, so far as section 29.23 (a)–15 (b) of Regulations 111, as amended by T. D. 5513, purports to deny the litigation expenses here involved, it is not in conformity with section 23 (a) (2) and is, to that extent, invalid. The amount of $2,260 paid by petitioner should be allowed as an ordinary and necessary expense paid during the taxable year for the conservation of property held for the production of income under the cited section.

LEECH and TYSON, *JJ.*, agree with this dissent.