**LYKES v. UNITED STATES.**

Civ. No. 1556–T.

United States District Court
S. D. Florida, Tampa Division.

June 3, 1949.

Chester Ferguson and Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiff.

Herbert S. Phillips, United States Attorney, Tampa, Fla., for defendant.

DE VANE, District Judge.

This is a suit to recover an alleged overpayment of income taxes for the year, 1944. The question presented is whether, under Section 23(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (2), attorney's fees paid by the taxpayer in the year 1944 in the determination of his gift tax liability for the year 1940 are allowable as a deduction from his gross income. The evidence in the case is not in dispute.

Plaintiff is and has been for many years a stockholder in Lykes Brothers, Inc., a family corporation. The stock of the corporation has been closely held throughout its existence and there is not nor has there ever been an open market price for the stock. In the year 1940 plaintiff made gifts of 1000 shares of stock of the corporation, owned by him, to members of his family, as follows:

250 shares to Margaret K. Lykes, his wife
250 shares to Margaret H. Lykes, his daughter
250 shares to Elizabeth L. Lykes, his daughter
250 shares to Joseph T. Lykes, Jr., his son.

It appears from the testimony that one of the daughters had reached her majority at the time of the gifts, but the other two children were minors. All of the children made their home with the taxpayer, were unmarried and neither the wife nor the children took any part in the management of the business of Lykes Brothers, Inc., at the time of the gifts.

The motive for the gifts, as stated in the taxpayer's gift tax return, was love. The taxpayer testified to additional motives, the principal of which was the accepted custom or policy of himself and his brothers to make such gifts to their children to insure continuity of the ownership

and management of the company. The evidence shows this custom had been pursued by other members of the Lykes family, who were blessed with children.

At the time the gift tax return was filed taxpayer valued the stock at $120.00 per share and paid a gift tax thereon in the sum of $13,032.75. The taxpayer testified he took as a guide in determining the value of the stock the only arm's-length transaction of importance during that year, of which he had knowledge, which was the sale of several hundred shares by an executive (not a member of the Lykes family) to other executives of the company. He testified he also took into consideration the hazards then confronting the business and reached the conclusion that the market value established by the sale represented the fair value of the stock at the time.

On March 3, 1944 the Commissioner of Internal Revenue formally notified taxpayer that a determination of his gift tax liability for 1940 disclosed a deficiency of $145,276.50 and a deficiency in that amount was assessed against taxpayer. He also was notified of his right to petition the tax court for a re-determination of such deficiency liability.

Taxpayer engaged K. I. McKay to represent him in this matter and a Petition for Re-determination of the liability was filed with the tax court. After taxpayer's attorney had prepared and filed such Petition and prepared his case for trial, a compromise settlement was reached and the Tax Court, pursuant to stipulation of the parties, found a deficiency in taxpayer's gift tax return in the sum of $15,612.75, which was promptly paid. The taxpayer paid his attorney $7,263.83 in the year 1944 for services in this matter. No question is raised as to the reasonableness of the amount paid for the services rendered. If the payment is a deductible expense from gross income for the year, as taxpayer claims, he is entitled to recover $5,665.78 with interest in this case.

The taxpayer claims that the payment of $7,263.83 as attorney's fees was an allowable deduction under Section 23(a) (2) of the Internal Revenue Code in as much as the payment was an "ordinary and necessary expenses paid or incurred during the taxable year * * * for the management, conservation or maintenance of property held for the production of income." He contends the payment was made, not as the result of an ordinary contest concerning the valuation of ordinary personal gifts, but that it was a payment of legal expenses incurred to forestall the collection by the Government of an assessment of a tax which was so clearly arbitrary and capricious that, in fact, it had nothing to do with the gift on which it was based. He contends further that had it been successfully enforced against him it would have substantially destroyed his holdings in Lykes Brothers, Inc., and would have confiscated most of the property held by him for the production of income.

The Commissioner contends that the law of the case is clearly stated in Treasury Regulation 111, Section 29.23(a)-15(b) as amended by TD 5513. This Regulation provides that expenses paid or incurred by an individual in the determination of gift tax liability, with certain exceptions not applicable here, are not deductible from gross income, even though property held by taxpayer for the production of income must be sold to satisfy an assessment for such tax liability. It is well established that such Treasury Regulations have the force and effect of law if not in conflict with expressed statutory provisions. Maryland Casualty Company v. U. S., 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563.

Section 23(a) (2) of the Internal Revenue Code, relied upon by taxpayer, provides:

"Deductions from gross income. In computing net income there shall be allowed as deductions: * * * (2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

There is no statute specifically allowing or prohibiting deductions from gross in-

come of attorneys' fees for services rendered in relation to advice or litigation in respect of any Internal Revenue taxes.

Treasury Regulation 111, Section 29.-23(a)-15(b), as amended by T. D. 5513, relied upon by Commissioner, provides:

"Expenses paid or incurred by an individual in the determination of liability for taxes upon his income are deductible. If property is held by an individual for the production of income, amounts expended in determining a property tax imposed with respect to such property during the period when so held are deductible. Expenses paid or incurred by an individual in determining or contesting any liability asserted against him do not become deductible, however, by reason of the fact that property held by him for the production of income may be required to be used or sold for the purpose of satisfying such liability. Thus, expenses paid or incurred by an individual in the determination of gift tax liability, except to the extent that such expenses are allocable to interest on a refund of gift taxes, are not deductible, even though property held by him for the production of income must be sold to satisfy an assessment for such tax liability or even though, in the event of a claim for refund, the amount received will be held by him for the production of income."

The only Appellate Court decision bearing upon the precise question here presented is Cobb v. Commissioner of Internal Revenue, decided by the U. S. Court of Appeals, Sixth Circuit, 173 F.2d 711. That court held that under the stipulated and undisputed facts in that case the attorney's fees there paid were not deductible. That case came to the Court of Appeals from a decision of the Tax Court, 10 T.C. 380, which had also disallowed the deduction. The taxpayer in that case, as does the taxpayer here, relied upon Bingham et al. v. Commissioner of Internal Revenue, 325 U. S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175, as supporting his position for the deduction. In the Cobb case the Court of Appeals held that the Bingham case was not controlling and went to considerable pains to point out its reasons for so holding. This court has carefully reviewed

these reasons, but finds itself unable to follow them.

■ This case presents the question, in relationship of the sovereign with its subjects, as to whether Congress has dealt justly with the taxpayer. Congress has imposed gift taxes and has authorized the Commissioner of Internal Revenue to assess an additional gift tax when, in his opinion, there is a deficiency in the gift tax paid by the taxpayer. The Commissioner may do this without giving the taxpayer an opportunity to be heard and the deficiency tax so imposed becomes final upon the taxpayer unless the procedure prescribed by the law is followed, as was done in this case.

To construe the law as giving to the Commissioner the power to assess a taxpayer with a deficiency tax greatly in excess of what he owes and to hold that such law denies to the taxpayer the right to contest such assessment, except at his own personal expense, just isn't justice under the law. The statute in question gives the Commissioner no such power and the courts should not permit the Commissioner to write such power into the law by a regulation adopted by him.

The inconsistency of this Treasury Regulation is illustrated by the fact that while it denies the right of the taxpayer to deduct expenses paid or incurred in the determination of a gift tax assessment it authorizes the deduction of expenses incurred in litigation to determine whether the expenses paid or incurred in the gift tax assessment are deductible.

In this connection it is noted that in the Bingham case the same position was taken by the Commissioner as is here taken; that is, that a Treasury Regulation prohibited the deduction.

The Supreme Court in the Bingham case, said [325 U.S. 365, 65 S.Ct. 1238]:

"So far as this regulation purports to deny deductions of litigation expenses unless it is to produce income, it is not in conformity with the statute * * *."

This court has reached the opinion that this is also true in this case and the court finds and holds that the Treasury Regula-

540

tion is in conflict with the expressed statutory provision authorizing the deduction.

A judgment will be entered in favor of the taxpayer, in conformity with this Memorandum Decision.