*Decision will be entered under Rule 50.*

───

ELLSWORTH M. STATLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48048. Filed March 8, 1956.

*George Bouchard, Esq.*, for the petitioner.
*Clayton J. Burrell, Esq.*, for the respondent.

LeMire, *Judge:* Respondent determined a deficiency in petitioner's income tax for 1950 in the amount of $8,473.45. The sole question presented is whether legal fees and court costs incurred by petitioner in an attempt to be designated a trustee of a testamentary trust established by petitioner's father are deductible either as business or non-business expenses.

The facts are fully stipulated.

Petitioner is an individual residing at El Cajon, California. He filed his individual income tax return for 1950 with the collector of internal revenue for the sixth district of California.

Petitioner's father, Ellsworth Milton Statler, died in 1928. His will was admitted to probate in the Surrogate's Court, Erie County, New York, on May 18, 1928. The will created a trust known as the Statler Foundation pursuant to which 200,000 shares of stock of Hotels Statler Company, Inc., were transferred to the trustees for the Foundation. The will creating the trust provided, *inter alia*, that when the testator's children became 21 years of age they should serve as trustees if they so desired.

In 1933 the petitioner, then a minor, filed in the Surrogate Court, Erie County, New York, a renunciation of his right to act as trustee of the Foundation. After reaching his majority, petitioner in 1945 filed a retraction of his renunciation.

Following the death in 1948 of one of the trustees of the Foundation, petitioner filed with the Surrogate Court of Erie County, New York, a petition requesting his appointment as a trustee of the Foundation. The Court denied the application and appointed another person trustee. Petitioner appealed to the appellate courts of the State of New York which sustained the decision of the Surrogate Court.

In connection with the foregoing litigation petitioner, during the taxable year 1950, paid attorneys' fees in the amount of $10,000 and court costs in the amount of $1,151.72, which amounts were deducted by him on his income tax return for that year. These deductions were disallowed by respondent.

During the year 1950 the total number of outstanding shares of Hotels Statler Company, Inc., was 1,362,457; petitioner held individually 22,281 shares of the stock. In addition 217,088 shares were held in a trust for petitioner and Marian E. Statler.

If petitioner had been appointed a trustee of the Statler Foundation he would have received an annual income as such trustee for the years and in the amounts as follows:

| | |
|---|---:|
| 1950 | $14,110.00 |
| 1951 | 14,026.67 |
| 1952 | 14,568.33 |
| 1953 | 15,360.00 |

On brief, the petitioner concedes that the legal fees and court costs do not constitute ordinary and necessary business expenses within the meaning of section 23 (a) (1) and the sole question presented is whether they are deductible under section 23 (a) (2), Internal Revenue Code of 1939, as nontrade or nonbusiness expenses.

Petitioner contends that the expenditures in controversy qualify as nontrade or nonbusiness expenses primarily on the ground that they are related to the "production or collection of income"; and, secondly, because they are proximately related to the "management, conservation, or maintenance of property" held for that purpose. We think it obvious that under the facts here the contested expenses had no reasonable and proximate relation to the management, conservation, or maintenance of property held by the petitioner. The title to the property on which income would be earned was held by the trustees of the trust. The fact that petitioner owned similar property is much too remote a circumstance. We turn to a consideration of whether such expenses are related to the "production or collection of income" within the meaning of section 23 (a) (2).

The respondent contends that the expenses in question are not allowable under Regulations 111, section 29.23 (a)–15 (b). So far as material here, such regulation provides:

Among expenditures not allowable under section 23 (a) (2) are the following: * * * expenses such as expenses in seeking employment or in placing oneself in a position to begin rendering personal services for compensation, campaign expenses of a candidate for public office, * * *.

In *Lykes* v. *United States*, 343 U. S. 118, the Supreme Court had under consideration another paragraph of the same regulation. It stated that the regulation was entitled to substantial weight, noting that the Revenue Act had been amended several times without reversing the administrative interpretation of section 23 (a) (2). Cf. *Frank M. Cobb*, 10 T. C. 380.

Under the facts in the instant case it is clear that the expenses incurred and paid relate to the petitioner's endeavors to be appointed a trustee of a trust created by his father's will which, if he had been successful, would have put him in a position to receive annual compensation as trustee.

Here petitioner was not defending or prosecuting an existent right or interest, as in the case of *Annie Laurie Crawford*, 5 T. C. 91, on which he relies, but was attempting to obtain income by the creation of some new interest. *Morton Frank*, 20 T. C. 511; *Marion A. Burt*

# 1178

*Beck*, 15 T. C. 642, 669, affirmed per curiam 194 F. 2d 537, certiorari denied 344 U. S. 821.

Bearing in mind this basic distinction, we are of the opinion that the facts in the present proceeding bring it within the classification of those cases where the deduction has been disallowed as not being a nontrade or nonbusiness expense within the purview of section 23 (a) (2) of the Code. We sustain the respondent on this issue. *McDonald* v. *Commissioner*, 323 U. S. 57.

*Decision will be entered for the respondent.*