Thomas W. Ryan and Virginia B. Ryan v. Commissioner.
Ryan v. Commissioner
Docket No. 68691.
United States Tax Court
T.C. Memo 1959-131; 1959 Tax Ct. Memo LEXIS 117; 18 T.C.M. (CCH) 580; T.C.M. (RIA) 59131; June 26, 1959
*117 Held, that petitioners have not shown that the respondent erred in holding that certain expenditures were expenses incurred in seeking employment, and that such expenditures are not deductible under either section 23(a)(1)(A) or section 23(a)(2) of the Internal Revenue Code of 1939. James E. Crowe, Esq., for the petitioners. H. Tracy Huston, Esq., for the respondent. ATKINS
Memorandum Opinion ATKINS, Judge: The respondent determined a deficiency in income tax of the petitioners *118 for the year 1953 in the amount of $1,050.50. The question presented is whether amounts totaling $1,007.97 paid by petitioner during the taxable year 1953 are deductible as ordinary and necessary business expenses under section 23(a)(1)(A) or as expenses incurred for the production of income under section 23(a)(2) of the Internal Revenue Code of 1939. All of the facts are stipulated and are incorporated herein by this reference. The petitioners are husband and wife who reside in Ferguson, Missouri. They filed a joint Federal income tax return for the taxable year 1953 with the district director of internal revenue in Cleveland, Ohio. Virginia B. Ryan is a party to this proceeding only because she and her husband filed a joint return, and hereinafter Thomas W. Ryan will be referred to as the petitioner. The petitioner was an employee of Basic Refractories, Incorporated, Cleveland, Ohio, from 1949 through July 31, 1953. He resigned from his position with that company effective July 31, 1953, and became an employee of Alton Brick Company in Alton, Illinois, on August 1, 1953. The petitioner paid the law firm of Falsgraf, Reidy and Shoup, Cleveland, Ohio, the sum of $600 on February 17, 1953. The *119 firm issued and delivered to petitioner their receipt, which stated: "Received from Thomas W. Ryan this 17th day of February, 1953, the sum of $600.00, being payment in full for legal services rendered and advertising." On March 25, 1953, petitioner entered into a contract with R. W. Bixby, Inc., Buffalo, New York, whereby R. W. Bixby agreed to contact prospective employers for the petitioner by composing and mailing from 250 to 300 letters to employers concerning his interest in new employment. Relevant provisions of the contract were: "(2) Remittance of $250.00 is enclosed. "(3) You [Bixby] are to bind me in no way in corresponding with prospective employers, nor to commit me on any point except as definitely instructed. Everything is to be strictly confidential. I reserve the right to decline any position offered me. "(4) It is understood that your final fee becomes payable only in case I accept one of the positions with which I may be placed in touch through your service. I may remit this final fee in three equal monthly payments, out of future salary, if I wish. * * *
"(6) It is understood and agreed that you do not guarantee a position, but that your provision *120 for refund of the unused portion of the retaining fee is to apply in case you fail to produce the letters and lists as agreed. (The average case is completed within three months; but if necessary, service will be extended to six months from above date unless a position is accepted or the maximum number of letters has been mailed in the meantime.)" On the same date R. W. Bixby, Inc. delivered to the petitioner a receipt which stated: "For Service in securing position
"PAID IN FULL
$250.00
"March 25, 1953
"R. W. BIXBY, INC."
The petitioners deducted on their joint return for the taxable year 1953 the above amounts of $600 and $250 paid to the law firm and R. W. Bixby, Inc., respectively. In addition, petitioners claimed as a miscellaneous deduction the sum of $9.36 paid to R. W. Bixby, Inc., and $148.61 for printing. In the notice of deficiency the respondent disallowed the miscellaneous deductions totaling $1,007.97, with the statement: "It is held that the deduction in the amount of $1,007.97 for legal fee, advertising and counsel in connection with seeking change of employment is not allowable as ordinary and necessary expenses of carrying on a trade *121 of business at the time incurred." The petitioners contend that all the above payments totaling $1,007.97 were expenses incurred in securing an executive management position with the Alton Brick Company and that they are deductible as ordinary and necessary expenses in carrying on a trade or business, under section 23(a)(1)(A) of the Internal Revenue Code of 1939, or as ordinary and necessary expenses incurred for the production of income, under section 23(a)(2). [1]
*122 At the outset we are faced with the fact that the record does not clearly establish what all the payments were for. The receipt from the law firm merely states that the sum of $600 constituted payment in full for legal services rendered and advertising. It has been shown that the petitioner engaged R. W. Bixby, Inc. to contact prospective employers and that a retaining fee of $250 was paid, but there is no showing that this expenditure resulted in the petitioner's obtaining his employment with Alton Brick Company. The contract with R. W. Bixby, Inc. provided that there would be a final fee in the event the petitioner accepted a position through the efforts of the corporation, but there is no evidence that any such additional fee was paid. There is no evidence as to the reason for the payment of $9.36 to R. W. Bixby, Inc. (although it may be for postage pursuant to the contract) and $148.61 paid for printing, as claimed in the return. In their return for 1953 the petitioners described all of the expenses in question as "Legal fee, advertising and counsel in connection with change of employment * * *." The precise meaning of this statement is not clear, but even if it were it would *123 not constitute proof. It is well settled that statements made in a taxpayer's return are not proof of facts, but constitute merely the taxpayer's original claim. Seaboard Commercial Corporation, 28 T.C. 1034, Times Tribune Co., 20 T.C. 449, Watab Paper Co., 27 B.T.A. 488, appeal dismissed (C.A. 8), 68 Fed. (2d) 998, Jessie G. Sheen, 6 B.T.A. 114, and Jacob Roffwarg, 2 B.T.A. 332. In the notice of deficiency and on brief counsel for the respondent states that the payments were made for the purpose of seeking change of employment. On the record presented we can reach no conclusion which would be more favorable to the petitioners. It is well established that expenses incurred in seeking employment are not expenses of carrying on a trade or business and are not deductible under section 23(a)(1)(A), and that they do not constitute expenses incurred for the production of income, which would be deductible under section 23(a)(2). In Morton Frank, 20 T.C. 511, 513, we stated: "The travel expenses and legal fees spent in searching for a newspaper business with a view to purchasing the same cannot *124 be deducted under the provisions of section 23(a)(1), Internal Revenue Code. * * * The expenses of investigating and looking for a new business and trips preparatory to entering a business are not deductible as an ordinary and necessary business expense incurred in carrying on a trade or business. George C. Westervelt, 8 T.C. 1248. * * * "Neither are the travel and legal expenses incurred by the petitioners in their attempt to find and purchase a business deductible under section 23(a)(2), Internal Revenue Code, which allows the deduction of expenses incurred in the production or collection of income or in the management, conservation, or maintenance of property held for the production of income. There is a basic distinction between allowing deductions for the expense of producing or collecting income, in which one has an existent interest or right, and expenses incurred in an attempt to obtain income by the creation of some new interest. Marion A. Burt Beck, 15 T.C. 642, affd. 194 Fed. (2d) 537. Stella Elkins Tyler, 6 T.C. 135. The expenses here involved are of the latter classification. *125 The traveling costs were incurred in an endeavor to acquire a business which might, in the future, prove productive of income. It might reasonably be said that petitioners were engaged in the active search of employment as newspaper owners, but that cannot be regarded as a business. It is much like the situation obtaining in Mort L. Bixler, 5 B.T.A. 1181, or like that found in McDonald v. Commissioner, 323 U.S. 57, where it was held that a Pennsylvania court of common pleas judge seeking reelection could not deduct under section 23(a)(2) expenses of such campaign. The Supreme Court said '* * * his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years'." See also Ellsworth M. Statler, 25 T.C. 1175, in which we held that attorney fees and court costs incurred in attempting to secure the taxpayer's appointment as trustee were not deductible as expenses for the production of income under section 23(a)(2). The petitioner on brief contends that his trade or business did not consist of working for a particular employer, but rather consisted of managing industrial corporations in general. *126 There is no evidence here to substantiate this. Insofar as this record shows his business consisted of being an employee of Basic Refractories, Incorporated, and later of Alton Brick Company. Accordingly, we cannot conclude that the expenditures in question constituted ordinary and necessary expenses of any such business as managing industrial corporations. Nor does the evidence establish that any of these expenditures were ordinary and necessary business expenses in his capacity as an employee of Basic Refractories, Incorporated, by whom he was employed when the expenditures were made. Cf. Louis M. Roth, 17 T.C. 1450, and Willard I. Thompson, 15 T.C. 609, reversed on other grounds (C.A. 10), 193 Fed. (2d) 586. Congress, in enacting section 23(a)(2), did not intend to expand the class of deductible items beyond those which would have been deductible under section 23(a)(1)(A), except to eliminate the requirement that they be incurred in carrying on a trade or business. [2] Thus, as pointed out by the Supreme Court in Bingham's Trust v. Commissioner, 325 U.S. 365: "The effect of § 23(a)(2) was to provide for a class of non-business *127 deductions coextensive with the business deductions allowed by § 23(a)(1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income. McDonald v. Commissioner, supra, 323 U.S. 61, 62, 66, 65 S. Ct. 96, 97, 98, 100; and see H. Rep. No. 2333, 77th Cong., 2d Sess., pp. 46, 74-76; S. Rep. No. 1631, 77th Cong., 2d Sess., pp. 87-88." See also the discussion above in Morton Frank, supra.
Consistently, section 39.23(a)-15 of Regulations 118, promulgated pursuant to section 23(a)(2), provides: "(d) Except for the requirement *128 of being incurred in connection with a trade or business, a deduction under this section is subject to all the restrictions and limitations that apply in the case of the deduction under section 23(a)(1)(A) of an expense paid or incurred in carrying on any trade or business. * * *
"(f) Among expenditures not allowable under section 23(a)(2) are the following: * * * expenses such as expenses in seeking employment or in placing oneself in a position to begin rendering personal services for compensation * * *." Such regulation is entitled to substantial weight and is governing here. See Lykes v. United States, 343 U.S. 118, and Ellsworth M. Statler, supra. The petitioners call attention to a published ruling of the respondent, O.D. 579, 3 C.B. 130 (1920), relating to business expenses, which states that "Fees paid to secure employment are considered allowable deductions for the purpose of computing net income subject to tax," and to the statement in the 1953 official Internal Revenue pamphlet "U.S. Income Tax Form 1040 and Instructions for 1953" of which we take judicial notice, that "You CAN Deduct Cost of: * * * Fees to employment agencies. *129 " They contend that the expenditures here in question were paid to secure employment within the meaning of O.D. 579 and that the payments were the equivalent of fees paid to employment agencies, within the meaning of the official instructions. They argue that no distinction should be made between amounts paid to regular employment agencies and amounts paid to others who perform the same function as an employment agency. As set forth hereinabove, costs of seeking employment are clearly nondeductible, as established by judicial precedent and by the regulations. Whether the effect of the O.D. and the official instructions is to make a distinction between expenditures which directly result in employment and those which are merely for seeking employment, and whether any such distinction would be valid, we find it unnecessary here to decide. As stated hereinabove, the record would not justify our classifying the expenditures other than as held by the respondent, namely, as expenditures in connection with seeking change of employment. In our opinion the expenditures for that purpose are in essence costs of seeking employment, which under the precedents, as indicated above, are not deductible. *130 Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In general. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *
(2) Non-trade or non-business expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.↩
2. H. Rept. No. 2333, 77th Cong., 2d Sess., p. 75, and S. Rept. No. 1631, 77th Cong., 2nd Sess., p. 87, 1942-2 C.B. 571, state: A deduction under this section is subject, except for the requirement of being incurred in connection with a trade or business, to all the restrictions and limitations that apply in the case of the deduction under section 23(a)(1)(A)↩ of an expense paid or incurred in carrying on any trade or business. * * *