Estate of Henry Leaf, Deceased, Sarah H. Leaf Whitney, Administratrix and Sarah H. Leaf Whitney, Surviving Wife v. Commissioner.
Estate of Leaf v. Commissioner
Docket No. 1735-63.
United States Tax Court
T.C. Memo 1964-249; 1964 Tax Ct. Memo LEXIS 89; 23 T.C.M. (CCH) 1497; T.C.M. (RIA) 64249; September 23, 1964
*89 In 1958 petitioner Sarah H. Leaf Whitney paid $20,964.27 in attorney fees in a will contest respecting a will in which she had been appointed executrix and under which will she had been named as sole residuary legatee. The will contest was settled by agreement between the contestants and petitioner. Under the agreement which was approved by the court, petitioner received property of considerable value as sole residuary legatee and remained as executrix of the estate. In 1957 and 1958 she received substantial commissions as executrix which she returned as taxable income. Held, that so much of the attorney fees as is properly allocable to the property which petitioner received in the settlement is not deductible. Held, further, that so much of the attorney fees as in allocable to the commissions paid petitioner as executrix is deductible under section 212(1), I.R.C. 1954. Charles S. Jacobs, Land Title Bldg., Philadelphia, Pa., for the petitioners. Dennis C. DeBerry, for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined a deficiency in the income tax of petitioners for the year 1958 of $3,750.28. The deficiency is due to two adjustments which the Commissioner has made to the net loss as disclosed by the joint return of Henry Leaf, now deceased, and Sarah H. Leaf (now Sarah H. Leaf Whitney) filed for the year 1958. These adjustments were: (a) Legal fees
$20,964.27
(b) Medical expense
209.65 Only adjustment (a) is contested by petitioners. It is agreed by the parties that adjustment (b) will depend upon our decision as to adjustment (a). Adjustment (a) is explained in the deficiency notice as follows: (a) It has *91 been determined that the deduction you claimed as "Atty. employed to settle Lang Estate - Fee" in the amount of $20,964.27 is not an allowable deduction. Adjustment (a) is contested by petitioners in appropriate assignments of error. A stipulation of facts and supplemental stipulation of facts, both with exhibits attached thereto, were filed at the hearing and they are incorporated herein by this reference. There was no oral testimony. We shall state herein such of these stipulated facts which seem necessary to an understanding of the issue to be decided. Petitioner Sarah H. Leaf Whitney, residing at Drexel Hill, Pa., filed a joint return on the cash basis for the calendar year 1958 with her husband, Henry Leaf, now deceased, at the office of the district director of internal revenue at Philadelphia, Pa. Petitioner Sarah H. Leaf Whitney, who subsequently remarried, is also the petitioner administratirx of the estate of her deceased husband. Petitioner Sarah H. Leaf Whitney, sometimes hereinafter referred to as petitioner, was named sole residuary legatee and executrix in the Will of Mary R. Lang of Philadelphia, who died May 18, 1956, about 3 years after the will was executed *92 November 27, 1953. Petitioner was not an heir of Mary under the provisions of Pennsylvania intestate law, and there is no evidence petitioner was related to Mary. The will of Mary was admitted to probate May 23, 1956, and letters testamentary were granted petitioner the following day, May 24, 1956. Petitioner, as executrix, retained George M. Miller as counsel to advise her in the administration of Mary's estate. Mary's will was challegned August 6, 1956, by filing of an appeal from the decree of the register of wills admitting the will to probate and a "Petition for Citation Sur Appeal from Decree of Register of Wills Probating a Will." The petition requested in the prayer thereof that a citation be directed to named individuals, including petitioner herein, and stated as follows: to show cause the said Appeal should not be sustained and the Decree of the Register of Wills of Philadlphia County, Pennsylvania, set aside, and an issue directed to try by jury the following questions of fact: (1) Whether or not the Decedent executed the Writing alleged to be the last Will and Testament of Mary R. Lang, Deceased, on November 27, 1953, or ever signed, sealed, published or declared *93 the said Writing as her Will and Testament either in the presence of the Subscribing Witnesses whose signatures appear thereon, or otherwise. (2) Whether or not at the time of the alleged execution of the said Writing, the Decedent was a person of sound mind and capable of disposing of her Estate by Will. (3) Whether or not the said Writing was procured by fraud, duress and undue influence practiced upon the Decedent, by Sarah Leaf and Henry B. McLaughlin, Esq., and others. By decree entered November 19, 1956, a citation was awarded, directed to named individuals including petitioner herein - to show cause why the Appeal * * * from the Decree of the Register of Wills of Philadelphia County, Pennsylvania, admitting to Probate a certain Writing, dated November 27, 1953, as the last Will and Testament of Mary R. Lang, Deceased, should not be sustained, said Decree set aside, and an Issue directed to try by Jury the following questions of fact: The questions were then set out identically as appeared in the petition and quoted in paragraphs (1), (2), and (3), above. In the "Power of Attorney" signed by petitioner and approved by C. Leo Sutton, attorney, on January 3, 1957, Sutton *94 was retained by petitioner to represent her - in the proceedings instituted by Anna Adams, et al., in appealing from the probate of said Will which proceedings are presently pending in the Orphans' Court of Philadelphia County (No. 2235 of 1956), and to present on my behalf any proofs establishing the validity of said Will and further authorize my attorney to do all lawful acts requisite for effecting the premises, * * * Sutton was separate counsel from counsel retained by petitioner to advise her with respect to the estate administration. The power of attorney given to Sutton also contained a provision respecting the fee which he was to receive for his services and reads as follows: I do hereby agree that I will pay to the said C. LEO SUTTON all costs incurred by him on my behalf upon receipt of statements rendered by him and a fee of Ten Thousand Dollars ($10,000) upon the conclusion of said case and, in addition thereto, in the event said Will of Mary R. Lang dated November 27, 1953, is finally sustained as the Last Will and Testament of said decedent or my rights thereunder amicably compromised, I will pay to the said C. LEO SUTTON the following percentage of whatever is awarded *95 to me as residuary legatee after payment of all just debts and expenses of the estate, including Federal Estate, Pennsylvania Transfer Inheritance Tax and Pennsylvania Additional Estate Tax and all costs and expenses incurred on my behalf other than the aforesaid $10,000: 7 1/2% in the event said case is compromised and settled at or before hearing or final determination in my favor at hearing by the hearing judge 8 3/4% in the event the hearing judge decides in my favor, or the matter is decided against me by the hearing judge, if the matter be settled before argument before the court en banc, or the court en banc decides finally in my favor 10% in the event the court en banc decides the case in my favor and an appeal to the Supreme Court is taken therefrom or in the event the court en banc decides the case against me and an appeal is taken therefrom on my behalf and the matter is then amicably settled or ultimately and finally determined by the Supreme Court in my favor resulting in the Will being sustained An "Agreement of Settlement of Will Controversy In the Nature of Agreement of Family Settlement" was made April 16, 1957, and executed by the parties involved. The agreement *96 was approved by the Orphans' Court May 24, 1957. Pertinent provisions of the agreement state: 3. After the payment of all debts, administration expenses, taxes and legacies as hereinbefore provided, the then remaining residuary estate shall be divided one-half to Sarah H. Leaf [petitioner herein], sole residuary legatee named in the decedent's Last Will and Testament, and one-half distributed, per stirpes, among the heirs at law and next of kin of the said Mary R. Lang who are signatory hereto. * * *
5. The parties hereto who are parties signatory to the Petition for Citation sur Appeal from the Decree of the Register of Wills agree that they will take all the necessary steps to have said appeal formally withdrawn of record in the Orphans' Court of Philadelphia County. A "First and Final Account of Sarah H. Leaf, Executrix," petitioner herein, was confirmed June 27, 1958, by the Orphans' Court of Philadelphia County, wherein the provisions of the previously referred settlement agreement of the appeal from the will probate, approved by the court, are outlined and wherein a schedule of distribution "in conformity with this adjudication" was ordered submitted. Petitioner's *97 one-half residuary legacy receipted pursuant to the final account was valued at $149,344.27 in the schedule of distribution. Petitioner received commissions as executrix which were reported as taxable income as follows: Year
Amount
1957
$12,000.00
1958
12,329.22
Petitioner, later in 1958, pursuant to the terms of the executed power of attorney, personally paid Sutton $20,964.27, and she deducted this amount as a disbursement on Schedule C of the 1958 income tax return and this amount was disallowed by the Commissioner. Under Pennsylvania law petitioner would have received nothing from the estate of Mary R. Lang, either as executrix or residuary legatee, had the appeal from the decree admitting the will to probate been successfully concluded by litigation. In her brief petitioner states the points relied upon as follows: Because attorney fees were paid to protect Mrs. Leaf's right to receive executrix' commissions under a duly probated Will and to conserve Mrs. Leaf's incomeproducing property to be received by her under the duly probated Will, such attorney's fees were deductible in total from Mrs. Leaf's taxable gross income under section 212 of the Internal Revenue Code *98 . * * * Respondent in his brief states the issue involved as follows: Are claimed legal fees paid in a will contest deductible either as an expenditure for (1) the production or collection of income or for (2) the management, conservation or maintenance of property held for the production of income? It should be noted at the outset that the attorney fees which petitioner paid to the attorney employed by her as executrix of the estate to advise her in the administration of the estate are not in controversy in this proceeding. His fees were paid by the estate itself and deducted by the estate. The attorney fees which are here in issue were paid by petitioner to an attorney, C. Leo Sutton, whom she employed to represent her in a will contest in which will she had been named executrix and also had been named as sole residuary legatee of decedent's estate. The will had been probated by petitioner but, as we have already stated, the will had been contested as invalid. If, as a result of the will contest, the will had been declared invalid, then petitioner would have received no commissions as executrix under the will and would have received nothing by reason of having been named in *99 the will as sole legatee of the residuary estate. As to this, there is no dispute. Thus, it will be seen that two things are involved as a result of the will contest, namely, the right of petitioner to remain as executrix and earn commissions and the right to receive the residuary estate of decedent as sole legatee. The applicable statute here involved as to the attorney fees paid by petitioner to Sutton is section 212 of the 1954 Code and is printed in the margin. [1]
It is clear, of course, that if the will contest had been successful petitioner would have received no property under the will and she would have received no commissions as executrix of the estate. A compromise was made by petitioner and the will contestants. Under this compromise agreement which was approved by the court, petitioner received property valued *100 at $149,344.27. As a result of the settlement, petitioner was also permitted to continue to act as executrix under the will of Mary R. Lang. It has been stipulated that during 1957 petitioner was paid a commission as executrix in the amount of $12,000 and that she reported that amount as income on the joint return filed by her and her husband for that year. It has also been stipulated that in the year 1958 petitioner received $12,329.22 as executrix commission and that this amount was likewise returned as gross income on the joint income tax return filed by petitioner and her husband for that year. As to the property which petitioner received under the compromise agreement as residuary legatee, valued at $149,344.27, it seems to us that so much of the attorney fees as is properly allocable thereto was paid for obtaining title to or ownership of property and is not deductible; it is a capital expenditure. However, as to the commissions received as executrix we think the situation is different. Of course, if the will contest had been successful petitioner would not have received any commissions as executrix, but it was not successful and a compromise was reached and under the agreement *101 of settlement petitioner continued to act as executrix and received commissions as executrix of the estate in the amounts of $12,000 and $12,329.22 for the years 1957 and 1958, respectively. Therefore, it seems to us that so much of the attorney fees as is allocable to the executrix commissions received in 1957 and 1958 come within that portion of section 212 which reads: In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; See Annie Laurie Crawford, 5 T.C. 91 (1945). In that case we held that attorney fees which taxpayer paid in 1940 to a firm of lawyers for representing her in a suit brought in the Supreme Court of Pennsylvania to establish her legal right to act as coexecutor of her deceased husband's estate, and also to establish her right to executor fees were deductible under section 23(a), I.R.C. 1939, as amended, either as ordinary and necessary business expense or as a nonbusiness expense paid for the production or collection of income. In William A. Falls, 7 T.C. 66 (1946), the taxpayer in that *102 case paid $5,456.58 as his share of legal fees and expenses incurred in defending a suit instituted against him and associates for an accounting for royalties received by them for the use of certain patents and to compel the transfer of such patents alleged to be held by them as trustees ex maleficio. We held that such expenditures were made both in defense of title to property (the patents) and for the "production or collection of income" (the royalties), and that the portion of such expenditures allocable to the defense of title to property was not deductible but that the portion of fees allocable to the collection of royalties was deductible as money expended for the production or collection of income. In the instant case the total amount of legal fees paid by petitioner for attorney fees in the will contest was $20,964.27. The question is how should the $20,964.27 be apportioned between the part that is deductible and the part which is not deductible. We think that the power of attorney which petitioner gave to her attorney, C. Leo Sutton, made definite provisions as to what the attorney fees were to cover. In the agreement petitioner agreed to pay Sutton $10,000 attorney fees. *103 This payment would be made "upon conclusion of said case" whether the defense of the will prevailed or not. Only if petitioner received a part or all of the residuary legacy would Sutton's fee be increased and that increase was to be measured by a formula based on a percentage of the legacy ultimately received by petitioner. In other words, if the will were held valid, either by compromise or adjustication, but petitioner retained nothing in the way of property but her position as executrix under the will was protected, Sutton would receive $10,000 as his fee for protecting petitioner's income from her executrix commissions. In the event petitioner also received a portion or all of the residuary legacy, Sutton would receive a percentage of that legacy as an additional fee. Sutton ultimately received $20,964.27. Based on the settlement agreement which was made, we think a fair allocation of fees would be $10,000 as attributable to the collection of commissions received as executrix and $10,964.27 as attributable to the legacy. This, we think, is simply carrying out the provisions in the contract for attorney fees agreed to be paid to Sutton by petitioner. Therefore, we hold that *104 $10,000 is deductible as a payment made for the production or collection of income under section 212(1) of the 1954 Code, and we also hold that $10,964.27 is not deductible because it was paid for obtaining title to property or in defense of title to property. Decision will be entered under Rule 50. Footnotes
1. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; * * *↩