NANCY REYNOLDS BAGLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9930. Promulgated January 23, 1947.

*George Gordon Battle, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

**134**

OPINION.

ARUNDELL, *Judge*: We think it clear that the fees paid by petitioner to her attorneys in 1942 for advice with respect to the purchase of tax-anticipatory, interest-bearing bonds and with respect to the making of loans to the officers of Reynolds Tobacco Co. are deductible nontrade or nonbusiness expenses under section 23 (a) (2) of the code,[1] as construed in *Bingham's Trust* v. *Commissioner*, 325 U. S. 365. See also *Philip D. Armour*, 6 T. C. 359. The investment of substantial amounts of accumulated cash in interest-bearing bonds constitutes an act of management of property held for the production of income. So, too, it would appear to have a direct connection with the

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

 *    *    *    *    *    *    *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

 *    *    *    *    *    *    *

production of income. As for the loans to the officers of Reynolds Tobacco Co., aside from their being income-producing, the petitioner's primary purpose in making them was the protection of her investment in Reynolds Tobacco stock. Certainly this constitutes an act of conservation of her income-producing property.

We think it equally clear that the $5,000 fee paid for advice and services with respect to the plans submitted by the Robinson brothers, a firm of estate planners, is deductible. The plan finally adopted effected a substantial rearrangement and reinvestment of petitioner's entire estate of income-producing properties.

The respondent's regulations [2] themselves recognize the deductibility of fees for investment counsel where related to the production or collection of income, or the management or conservation of property held for such purposes, and in a number of cases we have allowed such fees. See, for example, *Edward Mallinckrodt, Jr.*, 2 T. C. 1128; *Elma M. Williams*, 3 T. C. 200. In the latter case deduction was allowed for fees paid to Loomis-Sayles & Co. for services as investment counsel not specifically related to any particular transactions, but to the taxpayer's investments in general throughout the taxable year. The services rendered in this case by the Robinson brothers, we think, were analogous; and surely the services of petitioner's attorneys in passing on the merits of their plans can not be differently treated. We conclude that the $5,000 fee was an expense directly connected with the management and conservation of the petitioner's income-producing properties.

The situation, however, is quite different with respect to the fees paid in connection with the trust for petitioner's daughter Anne in 1942 and the release of powers of appointment in 1943. Petitioner contends that the advice with respect to what securities should form the corpus of the trust is an act of management or conservation. We are unable to see what possible connection the disposition of part of petitioner's income-producing securities by way of gift in trust could have with the production or collection of income; nor do we think that it can properly be said to have a proximate connection with the management, conservation, or maintenance of such property. As for the powers of appointment, it is true that they related to trust property of which petitioner was an income beneficiary during her lifetime. Doubtless the release of the powers was prompted by a change in the estate tax law in 1942, which would have the effect of bringing the property in the gross estate of decedent upon her death for estate tax purposes. However, had petitioner retained the powers and not exercised them, we are unable to see what effect that could have had on the income she would derive from the property during her lifetime.

[2] Regulations 111, sec. 29.23 (a)–15.

Petitioner urges primarily that the release of the powers constituted an act of conservation; but it seems to us that the relationship, on the evidence of record before us, between the expense incurred and the management or conservation of the property is not sufficiently proximate under the rule of the *Bingham* case. We conclude that neither of these expenses is within the statute under consideration, and that petitioner therefore is not entitled to deduct them.

*Decision will be entered under Rule 50.*