SUSAN H. EPP, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 12740–79.     Filed May 12, 1982.

*Donald B. Brown* and *Barbara J. Rose*, for the petitioner.
*Peter D. Bakutes* and *Catherine L. Wong*, for the respondent.

SIMPSON, *Judge*: * The Commissioner determined a deficiency of $848 in the petitioner's Federal income tax for 1976 and an addition to tax of $42.40 under section 6653(a) of the Internal Revenue Code of 1954.[1] By agreement of the parties, the sole issue for decision at this time is whether the petitioner is entitled to deduct under section 212 the expenses of establishing à family estate trust.[2]

### FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioner, Susan H. Epp, resided at 324 Stanley Street, Medford, Oreg., at the time she filed her petition in this case. She timely filed her Federal income tax return for 1976 with the Internal Revenue Service Center, Ogden, Utah.

---

*This case was tried before Judge Cynthia Holcomb Hall who subsequently resigned from the Court. By order of the Chief Judge, this case was reassigned to Judge Charles R. Simpson for disposition.

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during 1976, unless otherwise indicated.

[2] The Commissioner's determination of a deficiency in the petitioner's Federal income tax for 1976 is based on several adjustments, including the disallowance of the deduction claimed by the petitioner for the expenses of establishing a family estate trust. This Court has granted the joint motion of the parties to sever such issue for purposes of trial, briefing, and opinion. The petitioners in several other cases now pending before this Court have agreed to be bound on such issue by our decision in this case. The other adjustments in this case, including the addition to tax under sec. 6653(a), will be the subject of a separate trial, if necessary.

The petitioner is a Canadian citizen, permanently residing in the United States. During 1976, she was a registered nurse, employed in the field of public health. In 1976, she had three sisters, all of whom were Canadian citizens residing in Canada, and in that year, she and her sisters jointly owned two parcels of real property. One of such parcels was located at 324 Stanley Street, Medford, Oreg. The other parcel was located in Beaverton (which is near Portland), Oreg.

The petitioner learned from friends of the existence of the Institute of Individual Religious Studies (the institute). Subsequently, she contacted and met with a representative of the institute, John (Jack) O'Keefe.[3] Mr. O'Keefe discussed with the petitioner the formation of a family estate trust and the alternatives to the creation of such a trust. She generally was unaware of Mr. O'Keefe's qualifications, but she knew that he was not an attorney.

In December 1976, following her discussion with Mr. O'Keefe, the petitioner paid $2,000 to the institute for information, guidance, and written materials to be used to establish a family estate trust. She received a package of forms to be used to create the trust and to transfer assets to the trust, as well as instructions for the completion of such forms. In addition, she received legal advice from attorneys selected by the institute, advice from the institute for preparing her Federal income tax return for the first year the trust was in existence, and bookkeeping advice from the institute. Also, employees of the institute typed the information to be filled in on the printed forms and notarized the signatures on such forms. The petitioner did not know what portion of her payment to the institute was allocable to any particular service, and she did not make any separate payments for legal services in connection with the trust.

On December 30, 1976, the petitioner, using the forms and instructions supplied by the institute, created the Susan Epp Trust (the trust). Subsequently, her sisters transferred their interest in the jointly owned real properties to her, and she transferred such properties to the trust.

---

[3]Apparently, Mr. O'Keefe is the same person referred to in *Cole v. Commissioner*, T.C. Memo. 1981–48. In that case, Mr. O'Keefe promoted similar family estate trusts on behalf of Educational Scientific Publishers.

On her 1976 Federal income tax return, the petitioner deducted the $2,000 that she paid to the institute as a "cost to conserve and maintain assets IRC 212." On such return, she reported her home address as 324 Stanley Street, Medford, Oreg. In his notice of deficiency, the Commissioner disallowed such deduction in its entirety on the grounds that it was both a nondeductible personal expenditure and a nondeductible capital expenditure.

## OPINION

The sole issue for decision is whether the petitioner is entitled to deduct the $2,000 that she paid to the institute. She contends that she is entitled to deduct such payment either as a cost of managing and conserving income-producing property under section 212(2) or as tax advice under section 212(3). The Commissioner contends that such payment was a nondeductible personal expenditure. Alternatively, he argues that the petitioner has failed to establish what portion of the payment, if any, was for expenses deductible under section 212(2) or (3). Also, he argues that even if a portion of such payment was for tax advice, a deduction under section 212(3) is limited to "legitimate tax advice and tax planning, not such short cut tax avoidance."

The petitioner testified that her purpose for creating the trust was to protect the real properties owned by her and her three sisters. She contends that transferring the title of the real properties to the trust facilitated the management and conservation of such properties, minimized the probate and related tax problems which might result upon the death of one of the joint owners, and protected such properties from any potential liability that might arise as a result of her employment as a registered nurse. Her testimony as to her reasons for creating the trust was vague, evasive, self-serving, and uncorroborated. We are not required to, nor do we, accept such testimony. See *Armes v. Commissioner*, 448 F.2d 972 (5th Cir. 1971), affg. on this issue a Memorandum Opinion of this Court; *Banks v. Commissioner*, 322 F.2d 530, 537 (8th Cir. 1963), affg. on this issue a Memorandum Opinion of this Court; *Weiss v. Commissioner*, 221 F.2d 152, 156 (8th Cir. 1955), affg. a Memorandum Opinion of this Court.

Section 212 provides, in part:

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

\*      \*      \*      \*      \*      \*      \*

(2) for the management, conservation, or maintenance of property held for the production of income; or

(3) in connection with the determination, collection, or refund of any tax.

The deduction provided by section 212(2) is limited in application; an expenditure is not deductible under such section if it is a personal, living, or family expense which is nondeductible under section 262. Secs. 1.211–1 and 1.212–1, Income Tax Regs.[4] Also, no deduction is allowable for an expenditure for the acquisition of property or for property which is not held for the production of income when the expenditure was made. Sec. 1.212–1(g) and (h), Income Tax Regs.; *Contini v. Commissioner*, 76 T.C. 447, 452 (1981); *Frank v. Commissioner*, 20 T.C. 511, 514 (1953); *Beck v. Commissioner*, 15 T.C. 642, 670 (1950), affd. per curiam 194 F.2d 537 (2d Cir. 1952).

The property located at 324 Stanley Street apparently was used by the petitioner as her residence since she gave that address as her residence on both her petition in this case and her Federal income tax return for 1976. There is no evidence that such property produced any income. Thus, to the extent the payment to the institute related to such property, it is not deductible. Sec. 1.212–1(h), Income Tax Regs.; *Contini v. Commissioner, supra* at 453.

The only evidence in the record that the Beaverton property was held for the production of income is that the petitioner reported rental income and deductions on her 1976 return from property merely identified as "Portland OR." However, even if the Beaverton property was held for production of income,[5] the petitioner has failed to meet her burden of proving that the payment to the institute in any way related to the management, conservation, or maintenance of such property. Rule 142(a), Tax Court Rules of Practice and Procedure; *Welch v. Helvering*, 290 U.S. 111 (1933). Rather, it is apparent that the petitioner received only generalized instructions on

---

[4]See *Hoelzer v. Commissioner*, T.C. Memo. 1982–6.

[5]In his notice of deficiency, the Commissioner made adjustments which related to property identified as "Portland OR."

how to transfer her assets to the trust, and preprinted forms for making such transfers. There is no probative evidence that such advice in any way related to the management or conservation of such property. See *Contini v. Commissioner, supra* at 453; *Bagley v. Commissioner,* 8 T.C. 130, 135–136 (1947).[6] Moreover, advice on merely how to rearrange title to income-producing property relates to neither the management nor the conservation of such property within the meaning of section 212. See *Schultz v. Commissioner,* 50 T.C. 688, 699–700 (1968), affd. per curiam 420 F.2d 490 (3d Cir. 1970); *Bagley v. Commissioner, supra.*

Likewise, there is no merit in the petitioner's argument that she should be allowed a deduction under section 212(2) and (3) since the transfer of the real properties in trust served to avoid probate and to minimize any problems that would arise on the death of petitioner or one of her sisters. It is true that estate planning advice to reduce taxes may be deductible under section 212(3) (see *Merians v. Commissioner,* 60 T.C. 187 (1973); *Schultz v. Commissioner, supra*), but the petitioner expressly claimed that tax implications did not in any way influence her decision to establish the trust. Thus, according to her testimony, no part of the payment is deductible under section 212(3) for tax advice.

We have held that amounts paid for advice with respect to planning one's personal and family affairs, such as establishing trusts for family members or making gifts, are nondeductible personal expenditures within the meaning of section 262. *Mathews v. Commissioner,* 61 T.C. 12, 27 (1973), revd. on another issue 520 F.2d 323 (5th Cir. 1975); *Cobb v. Commissioner,* 10 T.C. 380, 383 (1948), affd. 173 F.2d 711 (6th Cir. 1949); *Bagley v. Commissioner, supra.*[7] The deduction contemplated by section 212(2) is for situations where property is held by the taxpayer for the production of income for her. *Seidler v. Commissioner,* 18 T.C. 256, 260–261 (1952). The petitioner did not show what probate expenses could be saved by the creation of the trust. However, even if the creation of the trust would

---

[6]See also *Hicks v. Commissioner,* T.C. Memo. 1982–200; *Hoelzer v. Commissioner,* T.C. Memo. 1982–6.

[7]See *Deeks v. Commissioner,* T.C. Memo. 1981–501; *Larson v. Commissioner,* T.C. Memo. 1981–499.

save some probate expenses, such savings would not benefit the petitioner, but would benefit her estate or her sisters. Hence, the savings of probate expenses through the creation of the trust would not, within the meaning of section 212(2), help to conserve property held for the production of income while *she* held it.

Furthermore, the petitioner's argument that the transfers would serve to insulate her property from any liability arising from her employment as a nurse is not supported by Oregon law. Section 95.060, Oregon Revised Statutes (1981), provides that:

Gifts and transfers in trust for transferor. All deeds of gift, all conveyances and all verbal or written transfers or assignments of goods, chattels or things in action made in trust for the person making the same, are void as against the creditors, existing or subsequent, of such person.

See Or. Rev. Stat. sec. 114.435 (1981); *Johnson v. Commercial Bank*, 284 Or. 675, 588 P.2d 1096 (1978); *Coston v. Portland Trust Co.*, 131 Or. 71, 278 P. 586, rehearing in banc 282 P. 442 (1929); see generally 2 A. Scott, Trusts sec. 156, at 1190–1193 (3d ed. 1967). Thus, even after the transfers to the trust, the interest of the petitioner in the properties may have been subject to the claims of her creditors. Moreover, the deduction under section 212(2) applies to expenditures for the protection or preservation of property itself, such as safeguarding or keeping it up, but not to the expenditures for a taxpayer's retention of ownership in it. *United States v. Gilmore*, 373 U.S. 39, 44 (1963); *Reed v. Commissioner*, 55 T.C. 32, 42 (1970). Hence, although an amount paid by the petitioner in settlement of a malpractice action may be deductible by her under section 162(a), expenses incurred by her to transfer title to her property to protect it against such a claim are not deductible under section 212(2). See *Wallace v. Commissioner*, 56 T.C. 624, 633 (1971); *Cobb v. Commissioner*, 10 T.C. at 383–385.

Finally, even if we were to conclude that part of the $2,000 payment to the institute was made for a purpose within the scope of section 212(2) or (3), the record is devoid of any rational basis by which we could allocate a portion of the payment to such purpose. Compare *Merians v. Commissioner*, *supra*. The petitioner has the burden of proving what portion, if any, of such payment was paid for deductible items. Rule 142(a), Tax Court Rules of Practice and Procedure; *Welch v.*

*Helvering, supra.* When a petitioner proves that some part of an expenditure was made for deductible purposes and when the record contains sufficient evidence for us to make a reasonable allocation, we will do so. *Cohan v. Commissioner,* 39 F.2d 540 (2d Cir. 1930). However, on this record, there is absolutely no basis for making any such allocation. Under such circumstances, a deduction based on the *Cohan* rule would be "unguided largesse." *Williams v. United States,* 245 F.2d 559, 560 (5th Cir. 1957); see *Gran v. Commissioner,* 664 F.2d 199 (8th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court; *Contini v. Commissioner,* 76 T.C. at 454; *Schultz v. Commissioner,* 50 T.C. at 500.[8] Therefore, we hold that the petitioner is not entitled to any deduction under section 212 by reason of the payment to the institute. In light of our holding, we need not address the Commissioner's alternative argument that a deduction under section 212(3) is limited to "legitimate tax advice and tax planning."

*An appropriate order will be issued.*

---

[8]See also *Shuman v. Commissioner,* T.C. Memo. 1981–264, on appeal (7th Cir., Feb. 8, 1982).