RONALD A. CHIABAI and HELEN CHIABAI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chiabai v. Commissioner
Docket No. 1984-79.
United States Tax Court
T.C. Memo 1982-611; 1982 Tax Ct. Memo LEXIS 135; 44 T.C.M. (CCH) 1453; T.C.M. (RIA) 82611; October 20, 1982. Gloria T. Svanas, for the petitioners. Cynthia J. Olson, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge John J. Pajak for trial or other disposition pursuant to the provisions of section 7456(c), Internal Revenue Code *136 . After a review of the record we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Petitioners were residents of Highland, Ind., at the time the petition was filed. Petitioners filed a joint individual income tax return for the year 1976 with the District Director of Internal Revenue for the District of Tennessee, Memphis Division. Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $4,096.52. In the notice of deficiency respondent denied a deduction of $8,000 claimed on petitioners' return under Miscellaneous Deductions as "Educational Endowment and Materials to Maintain and Conserve Assets" for the reason that it was not established that the amount was either a business expense or an expense incurred for the management, conservation, or maintenance of property held for the production *137 of income. The sole issue raised in the petition is whether petitioners are entitled to deduct the $8,000 paid in 1976 for materials and services relating to a so-called family trust. When the case was called for trial both parties agreed that the only issue was the deductibility of the $8,000 and that the matter could be submitted on briefs alone. Respondent thereupon filed a motion for summary judgment and petitioner was given time to respond thereto. Respondent's motion asserts that the payment of the $8,000 was for boilerplate forms to be used to create a family trust and take related actions, explanation of the use of such a trust, and legal representation if the Internal Revenue Service challenged the validity of the trust for income tax purposes. Petitioner filed a reply to respondent's motion for summary judgment which consisted primarily of legal arguments supporting the deductibility of the $8,000 payment, attached to which, inter alia, was an affidavit of petitioner, Ronald A. Chiabai, stating that he had given his personal check for $8,000 to Educational Scientific Publishers (ESP) in payment for educational materials to maintain and conserve assets, which assets *138 consist of income-producing properties. It also averred that the payment included fees for tax advice, estate planning, and the defense of the Ronald A. Chaibai Equity Trust; that the expenditure was reasonable in proportion to the value of the properties to be managed; and that in addition to the advantages of conservation and management of his properties, he also purchased the trust package for the protection of his properties from creditors, insulation of the properties from liability created by his personal actions, and avoidance of probate of the income-producing properties. At the conclusion of petitioners' reply, they asked that respondent's motion for summary judgment be denied and that the Court grant the petition for redetermination under Tax Court Rule 122. [2] Thereafter, the parties filed a Stipulation consisting of copies of petitioners' 1976 tax return, the notice of deficiency, and a declaration of trust and other documents and correspondence relative to the establishment of the trust. Because we believe there may be some dispute between the *139 parties over the factual statements made in Ronald's affidavit as to the reasons he purchased the trust package, we do not believe the case is suitable for disposition by summary judgment. We will therefore decide it under Rule 122 on the stipulated facts and facts contained in the affidavits filed by the parties. Petitioners were both employed by Hellman's Auto Supply Co. (the company) in 1976 and 1977. On October 27, 1976, petitioner made an application to Educational Scientific Publishers (ESP) for its "Educational Program." The application states that the fee in question was a "FEE FOR EDUCATIONAL PROGRAM $8,000.00." Petitioner paid this fee with his $8,000 check on October 27, 1976. The materials purchased by petitioners included ESP preprinted forms to be used in creating a family trust, such as a declaration of trust, certificates of beneficial interest, and instructions on how to use the documents. The terms of the trust are virtually identical to those we have reviewed in other ESP cases. The declared purpose of the trust was: to accept rights, title and interest in and to read and personal properties, whether tangible or intangible, conveyed by the creator *140 hereof and grantor hereto to be the corpus of THIS TRUST. Included therein is the exclusive use of his lifetime services and all of his earned remuneration accruing therefrom, from any current source whatsoever, so that RONALD A. CHIABAI can maximize his lifetime efforts through the utilization of his Constitutional Rights; for the protection of his family in the pursuit of his happiness through his desire to promote the general welfare, all of which RONALD A. CHIABAI feels he will achieve because they are sustained by his RELIGIOUS BELIEFS. The payment also entitled petitioners to legal representation in the event the trust was challenged for income tax purposes. The single payment to ESP was not divided into separate amounts for the forms, written materials, and various services which ESP was to provide to petitioners. The forms and other materials were provided to petitioners and used by them to establish the purported Ronald A. Chaibai Equity Trust, and ESP provided petitioners with legal representation before this Court. [3]
*141 On March 31, 1977, the company and the trust executed an ESP form "Agreement" whereby the trust, "which holds the rights to Chaibai's lifetime services," agreed to provide Chaibai's services to the company for $100,000 per year upon the terms and conditions stated therein. [4]
The only issue before the Court is whether the $8,000 fee paid to ESP is deductible. Petitioners have the burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). It was a single fee for the entire trust package and was not broken down between the various contents of the package. No evidence was offered that would serve as a basis for allocating the fee. We must conclude that the fee was not divisible but was paid for the integral ESP trust package. Petitioners claim they paid the fee to ESP to maintain and conserve their assets, without any explanation of how it did so. There is nothing in the record to show that any assets delivered to the *142 trust were used any differently after the transfer than before. A fee paid to construct a rearrangement of property under such circumstances does not qualify as an ordinary and necessary expense paid for the production or collection of income for the management, conservation, or maintenance of property held for the production of income under section 212. [5]Epp v. Commissioner,78 T.C. 801 (1982). The trust package petitioners bought is similar, if not identical, to the packages of materials and services received by the taxpayers in numerous other ESP cases in which we have held that the fee paid for the package was a non-deductible personal expense under section 262. See e.g., Contini v. Commissioner,76 T.C. 447 (1981); Saunders v. Commissioner,T.C. Memo. 1982-322; Sundheim v. Commissioner,T.C. Memo. 1981-139; Shuman Equity Trust v. Commissioner,T.C. Memo. 1981-264; *143 Harris v. Commissioner,T.C. Memo. 1981-46. For the same reasons mentioned in those and other cases, we conclude that the fee here in controversy is not deductible. Epp v. Commissioner,supra.
Petitioners also claim on brief that the $8,000 fee paid to ESP should be allowed as a theft loss deduction under section 165. We find this to be a specious argument. Petitioners obtained what they had bargained for, that is, the ESP trust package, which they used to create the trust in order to divert taxable income of petitioner to the trust. Clearly, petitioners sustained no theft loss in 1976 which meets the requirements of section 165. Estate of Melcher v. Commissioner,476 F.2d 398 (9th Cir. 1973), affg. T.C. Memo. 1970-237. This case is readily distinguishable from Nicholas v. Commissioner,43 T.C. 842 (1965), relied on by petitioners, in which the Court found that the taxpayers had been swindled. In fact, we find it difficult to conceive of a theft loss from the purchase of an ESP trust package. Gibson v. Commissioner,T.C. Memo. 1982-374; Brown v. Commissioner,T.C. Memo. 1982-253. *144 Decision will be entered for the respondent.
Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All references to a rule are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Originally, Pipp M. Boyls, an attorney provided by ESP, filed their petition. After Boyls was suspended for 1 year from the practice of law by the State of Colorado, ESP replaced him with Paul Wright, who withdrew when the case was called. The record does not disclose who paid Gloria T. Svanas, the present attorney of record.↩
4. The record does not contain a document specifically assigning petitioners' property and services to the trust, but this agreement has the effect of assigning Ronald's income from the company to the trust.↩
5. All section references are to the Internal Revenue Code of 1954 in effect during the taxable year, unless otherwise indicated.↩