JOSEPH J. BIRKENSTOCK AND GENEROSE M. BIRKENSTOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Birkenstock v. Commissioner
Docket Nos. 7437-78, 16930-80, 9232-82.
United States Tax Court
T.C. Memo 1983-715; 1983 Tax Ct. Memo LEXIS 75; 47 T.C.M. (CCH) 491; T.C.M. (RIA) 83715; November 30, 1983. Joseph Weigle, for the petitioners. Edward G. Langer, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION *76 FEATHERSTON, Judge: These consolidated cases were assigned to and heard by Special Trial Judge James M. Gussis, pursuant to the provisions of section 7456(c) and (d)[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion, which is set forth below.
REPORT OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income tax, plus additions to tax under section 6653(a) as follows: Income Tax
Sec. 6653(a)
Docket No.
Year
Deficiency
Addition to Tax
7437-78
1975
$ 5,285.00
$ 264.00
1976
20,054.00
1,002.70
16930-80
1977
$29,920.00
$1,496.00
1978
21,374.00
1,069.00
9232-82
1979
$25,616.15
$1,280.81
Petitioners *77 have conceded that the income reported by the Joseph Birkenstock Equity Trust is taxable to petitioners in the taxable years here involved. The remaining issues for decision are: (1) Whether petitioners were entitled to a deduction in 1975 under section 212 for the cost of materials used to establish a family trust; and (2) whether any part of petitioners' underpayment of tax for each of the years 1975 through 1979 was due to negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulations of facts and exhibits attached thereto are incorporated by this reference. Petitioners Joseph J. Birkenstock and Generose M. Birkenstock resided in Wisconsin at the time the petitions herein were filed. Petitioner-husband (hereinafter petitioner) was employed as an engineer for the Formrite Tube Company, a business which he organized in 1950 and of which he was president. On November 22, 1975, petitioner paid $7,000 to the Joseph Birkenstock Educational Trust. The $7,000 payment entitled petitioner to receive written materials and services from Educational Scientific Publishers (a trust) (hereinafter ESP) to *78 be used to establish a family trust. The materials consisted of preprinted forms and instructions for their completion. ESP services included counseling and advice with respect to the creation and maintenance of the trust. Petitioner did not know how ESP allocated his $7,000 payment between ESP services and the various trust forms distributed. On November 26, 1975, the Joseph Birkenstock Equity Trust (hereinafter Trust) was established, naming petitioner as the grantor-creator and his wife, Generose M. Birkenstock, and son, Karl E. Birkenstock, as trustees. Shortly after the creation of the trust, petitioner conveyed various assets to the trust, including commercial property, insurance policies, stock and exclusive rights to their lifetime services and income. Subsequent to 1975, petitioner received additional materials and brochures from ESP regarding the family trust. He was also notified by ESP of scheduled tax seminars which apparently took place at least once a year. On his 1975 tax return, petitioner deducted $7,000 for the "cost of setting up" the Joseph Birkenstock Equity Trust. This deduction was disallowed in full by respondent. OPINION Petitioner now contends *79 that some 80 percent of the $7,000 paid for ESP materials and services is deductible as an expense under section 212(2) for the management, conservation, or maintenance of property held for the production of income and under section 212(3) for the determination, collection, or refund of taxes. Petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner stresses the fact that the assets transferred to the trust included some income-producing properties. However, it readily appears from the record that petitioner received only generalized instructions on how to transfer his assets to the trust and preprinted forms for making such transfers. There is no persuasive evidence to show that such guidance and advice were in any way related to the management or conservation of such property. Moreover, as we stated in Epp v. Commissioner,78 T.C. 801, 805 (1982), "advice on merely how to rearrange title to income-producing property relates to neither the management nor the conservation of such property within the meaning of section 212." See also Luman v. Commissioner,79 T.C. 846 (1982). *80 Nor is there any support in the record for petitioner's argument that some portion of the $7,000 payment is deductible under section 212(3) as an expenditure incurred in connection with the determination of tax. There is simply no persuasive evidence to enable this Court to allocate any portion of the $7,000 to legal services and materials on tax matters. Epp v. Commissioner,supra;Luman v. Commissioner,supra.As indicated above, the advice received by petitioner consisted essentially of general instructions for achieving the transfers of property and services to the trust.Nor does it appear that the vendors of the trust plan made any meaningful effort to allocate the $7,000 payment between services and the various trust forms distributed. In any event, petitioner was not aware of any such allocation. Finally, with respect to petitioner's testimony that his efforts to recast the ownership of his property were prompted by his pending retirement, this Court has held that amounts paid for advice with respect to planning one's personal and family affairs are nondeductible personal expenditures within the meaning of section 262. Epp v. Commissioner,supra at 805; *81 Luman v. Commissioner,supra at 851; see also Contini v. Commissioner,76 T.C. 447 (1981). We must conclude on the basis of the entire record that petitioner is not entitled to deduct any portion of the $7,000 payment in 1975 under the provisions of section 212(2) or (3). Respondent is sustained. The final issue is whether petitioner is liable for additions to tax under section 6653(a). This section provides that if any underpayment of taxes is due to negligence or intentional disregard of the rules and regulations, an amount equal to 5 percent of the underpayment will be added to the tax. The burden of proof rests with petitioner to show that respondent's determination is erroneous. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner has failed to do so. He argues that he relied upon the advice of ESP representatives and counsel. Good faith reliance upon competent counsel may in some circumstances negate a charge of negligence. Here, however, we are not persuaded that petitioner's reliance upon the various individuals involved in setting up his trust was in good faith. Petitioner is an astute business executive. *82 The individuals he purportedly relied upon to a large extent in setting up the trust were neither attorneys nor accountants. Furthermore, it is evident from petitioner's testimony that he was fully aware of the legal challenges to the viability of family trusts. [3] We are persuaded that petitioner's actions under the circumstances portrayed in this record constituted negligence or intentional disregard of the law. Respondent is therefore sustained on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of this Court dated Nov. 22, 1982, the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to the proceedings in these cases. Said order is based upon the authority of the "otherwise provided" language of that Rule.
3. We should also note that, with respect to the year 1974, petitioner computed his taxable income on his 1974 tax return using the purported "gold value" of his income. This Court rejected this contention.See Birkenstock v. Commissioner,T.C. Memo. 1979-201↩.