WILLIAM R. GROFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Groff v. Commissioner
Docket No. 22581-80.
United States Tax Court
T.C. Memo 1984-252; 1984 Tax Ct. Memo LEXIS 424; 48 T.C.M. (CCH) 77; T.C.M. (RIA) 84252; May 8, 1984. *424 Held, petitioner has not substantiated amounts claimed to have been paid for general sales taxes in excess of the amount allowed by the Commissioner. William R. Groff, pro se. Bernard H. Weberman, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $487 in the petitioner's 1977 Federal income tax. After concessions, the sole issue for decision is whether petitioner is entitled to claim a general sales tax deduction in an amount greater than that determined by the Commissioner. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioner, William *425 R. Groff, resided in Chicago, Ill., at the time the petition was filed in this case. He filed a joint Federal income tax return for 1977 with his wife, Evelyn Groff. [1] The return indicates that his address in 1977 was Rockville, Md.
On his 1977 return, the petitioner showed an adjusted gross income of $35.726 and claimed a general sales tax deduction of $711. The Commissioner allowed a deduction of $285 for such purpose. During 1977, the petitioner spent approximately $42,512. At least $28,959 was spent on items not subject to sales tax. OPINION Section 164 of the Internal Revenue Code of 1954[2] provides that a deduction for State and local general sales tax is allowed for the taxable year within which it is paid or accrued. Sec. 164(a)(4). In order to take advantage of the deduction under section 164(a)(4), a taxpayer may either prove the entire amount of the sales taxes he paid during the year or may take advantage of the guidelines to reasonable sales tax deductions published annually by the Commissioner. These annual guidelines, often referred to as the "Optional *426 State Sales Tax Tables," permit a taxpayer to deduct estimated amounts as representing general sales tax, without meeting the burden of substantiation. Meyen v. Commissioner,T.C. Memo. 1982-536. However, the publication of the Optional Sales Tax Tables by the Commissioner does not mean that a taxpayer who does not wish to use the tables is entitled to deduct sales taxes based on estimates. Meyen v. Commissioner,supra.The Commissioner allowed the petitioner a deduction approximately equal to the amount appearing in the 1977 Optional Sales Tax Tables based on the petitioner's place of residence, family size, and gross income. The Commissioner maintains that for the petitioner to be entitled to a larger deduction, he must substantiate his payments of sales taxes. The petitioner has the burden of proving the Commissioner's determination incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; [3]Welch v. Helvering,290 U.S. 111 (1933). *427 The petitioner contends that the Commissioner's current rules concerning substantiation of sales taxes place too great a burden on a taxpayer. [4] He has offered no records or other evidence to prove directly the amounts of sales taxes paid by him. Instead, he proposes that we accept his alternative method of computation whereby the approximate amount the parties agree the petitioner spent in 1977, $42,512, is reduced by the amount the petitioner claims was spent on items not subject to sales tax, $28,959. The difference, $13,553, the petitioner claims, should be treated as the amount spent on items subject to sales tax. [5]
The petitioner produced no evidence other than schedules estimating *428 amounts spent on items not subject to sales taxes and admitted at trial that both the $28,959 and the $13,553 amounts were probably not exact. The petitioner's burden of proof cannot be carried by his estimates without supporting documentary evidence. See Hradesky v. Commissioner,65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).[6] Moreover, if the petitioner understates the amount spent for items not subject to sales tax, the result is to increase his deduction for sales taxes. Thus, the petitioner would benefit if the failed to prove all the items that were not subject to the sales tax, and the burden would then be on the Commissioner to prove the full amount of such items. The petitioner also suggests that we should take into account in figuring the allowable sales tax deduction, money that he had for spending in excess of the gross income used by the Commissioner in applying the tax tables, namely, loan proceeds and a State tax refund *429 that he received in 1977. However, although loans and tax refunds may augment the petitioner's available funds in one year, they may reduce such funds for other years. The Commissioner's tables reflect average experiences, and the allowable deductions are not increased by the availability of borrowed funds, nor are the deductions reduced by the necessity of repaying such funds. [7]
The fact that the Commissioner permits deductions in accordance with the tax tables as a matter of administrative convenience and, additionally, permits deductions with respect to tax on certain specific items does not relieve a taxpayer from proving that he is entitled to a deduction in excess of the amount shown in the tax tables. [8] We have no basis for applying Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), to the present situation. Cf. Epp v. Commissioner,78 T.C. 801, 807 (1982). *430 Finally, the petitioner has urged us to consider his argument in light of general equitable principles. However, a taxpayer is not entitled to deductions on this basis. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Deputy v. Dupont,308 U.S. 488 (1940). Accordingly, since the petitioner has failed to carry his burden of proof, we hold that he is not entitled to deduct sales taxes in excess of the amount allowed by the Commissioner. Decision will be entered under Rule 155.
Footnotes
1. Evelyn Groff did not join the petition and is not a party in this case.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
3. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
4. The petitioner explains on brief that collection of "a veritable mountain of actual sales receipts" is necessary in order to deduct sales taxes in an amount other than that shown in the Commissioner's tables. ↩
5. He calculates $711 as the approximate sales tax paid on the $13,553 as follows: approximately $10,000 spent in Maryland subject to a 5-percent sales tax, totaling $500; approximately $3,553 spent in the District of Columbia subject to a 6-percent sales tax, totaling $213.↩
6. In Schaye v. Commissioner,T.C. Memo. 1978-285↩, we determined that a method similar to the petitioner's calculation method was insufficient to prove actual sales tax paid.
7. If we adopt the petitioner's position, he could take advantage of the Commissioner's tables in the year that he repays his loan and deduct a higher amount of sales taxes than he actually pays. See Tuer v. Commissioner,T.C. Memo. 1983-441↩.
8. See Edmister v. Commissioner,T.C. Memo. 1977-208; see also Henson v. Commissioner,T.C. Memo. 1979-110 (sales taxes on extraordinary purchases allowed in amount above table figures if substantiated); Russo v. Commissioner,T.C. Memo. 1982-248; Feistman v. Commissioner,T.C. Memo. 1982-306↩.