MONTE M. DALTON AND GRETCHEN DALTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dalton v. Commissioner
Docket No. 4345-85.
United States Tax Court
T.C. Memo 1987-160; 1987 Tax Ct. Memo LEXIS 156; 53 T.C.M. (CCH) 434; T.C.M. (RIA) 87160; March 25, 1987. Monte M. Dalton, pro se. Terence D. Woolston, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was assigned pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code and Rules 180, 181 and 182. [1] For convenience and clarity, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined a deficiency in petitioners' Federal income tax for 1982 in the amount of $3,995.00 and an addition to tax under section 6651(a)(1) in the amount of $180.35. After concessions by both parties, the only issue remaining for decision is whether petitioner, Monte M. Dalton, [2] is entitled to deduct *158 on his 1982 return expenses incurred in establishing a family estate trust under section 212(2). Some of the facts have been stipulated. The stipulations of fact and exhibits attached thereto are incorporated by this reference. Petitioner resided in Escondido, California, at the time the petition herein was filed. Petitioner was an electrician. In 1982, he decided to establish a family estate trust to provide for his family. In March, 1982, petitioner paid $2,500 to Educational Foundation of Knowledge for documents which instructed him on how to establish a family trust. He later paid an extra $300 for copyrighted questions and answers about establishing a family trust. He also incurred expenses traveling from San Diego to Phoenix to transfer title to a piece of property, held in petitioner's and his wife's name, to the trust. Finally, he incurred costs for copying and filing the trust in the amount of $100. The original 100 units of the trust were in petitioner's name. Later he transferred the units to his wife (50 units), his son (25 units), and his daughter (25 units). Petitioner contends that $3,082 *159 paid to establish the trust is deductible under section 212(2) for the management, conservation, or maintenance of property held for the production of income. Petitioner further contends that the trust was an operating trust and, therefore, under Trust of Bingham v. Commissioner,325 U.S. 365 (1945), he may deduct the expenses incurred to operate the trust. Petitioner points out that some of the property transferred to the trust was income producing rental property. It is clear from the entire record, however, that the expenses claimed were incurred to establish the trust. Petitioner purchased from Educational Foundation of Knowledge a general outline of the steps necessary to transfer his property to the trust and preprinted forms for making such transfers. The copyrighted questions and answers were merely supplementary materials. Petitioner has failed to show that these documents related to the actual management or conservation of the trust property. Our opinions in Epp v. Commissioner,78 T.C. 801 (1982), and Luman v. Commissioner,79 T.C. 846 (1982), are controlling in this instance. In Epp at 805, we stated, *160 "advice on merely how to rearrange title to income-producing property relates to neither the management nor the conservation of such property within the meaning of section 212." Here, petitioner merely paid for printed advice on how to transfer title to his property to a trust. [3] Petitioner's ancillary expenses for travel and for copying and filing various documents were also incurred in establishing the trust. In Luman,supra at page 856, we stated: an expenditure for rearranging title to income-producing property, for planning one's personal and family affairs (such as establishing trusts for family members or making gifts), or for retaining ownership of property are not deductible under section 212(2) but are nondeductible personal expenditures within the meaning of section 262. [Emphasis added.] *161 Therefore, we hold that petitioner is not entitled to any deduction under section 212(2) for amounts expended to establish a family estate trust. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All references to petitioner will be to Monte M. Dalton.↩
3. Petitioner has not shown that payment of the fees to Educational Foundation of Knowledge entitled the Daltons to receive any tax counsel, and the record contains no evidence indicating that any of the fees were paid for such purpose. Therefore, the issue as to whether these fees were incurred in connection with the determination, collection or refund of any tax under section 212(3) has not been raised.↩