JOHN W. CROWDER AND CONSTANCE S. CROWDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crowder v. Commissioner
Docket No. 18000-82.
United States Tax Court
T.C. Memo 1984-543; 1984 Tax Ct. Memo LEXIS 133; 48 T.C.M. (CCH) 1359; T.C.M. (RIA) 84543; October 9, 1984. John W. Crowder, pro se. David L. Miller, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1978 in the amount of $14,300, and an addition to tax under section *134 6653(a)[1] in the amount of $715. After concessions by the parties, the issues for decisions are: (1) whether the $1,610 payment made by petitioners for advice and documents relating to the creation and use of the John W. Crowder Trust is deductible; (2) whether petitioners have met their burden of substantiating the purchase dates and cost basis in gold and silver stock certificates sold in 1978; (3) whether petitioners owned a cash hoard of $12,000 that was omitted from the sources and application of funds analysis used by the Commissioner; and (4) whether petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT A majority of the facts were stipulated. The stipulation of facts, supplemental stipulation of facts, and accompanying exhibits are so found and incorporated herein by reference. John W. Crowder (Mr. Crowder) and Constance S. Crowder, husband and wife, were residents *135 of Eugene, Oregon, at the time the petition in this case was filed. Petitioners timely filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center at Ogden, Utah. Petitioners subsequently delivered an amended joint Federal income tax return to the examiner auditing the original return. In 1978, petitioners established the John W. Crowder Trust (the trust). Petitioners purchased the materials and documents for the formation of the trust from the Institute of Religious Services in Ventura, California. Petitioners paid the promoters $1,610 in the taxable year 1978. The Internal Revenue Service notified petitioners before the filing of petitioners' Federal income tax return for the taxable year 1978 that the trust was invalid as an attempt to assign income.Nevertheless, Constance S. Crowder, fiduciary for the trust, filed a Federal fiduciary income tax return for the trust for the taxable year 1978. The trust's only reported income consisted of $10,331.66 of consultation income earned by Mr. Crowder. The fiduciary return also showed deductions of $3,107.32, including $1,350 for a vehicle leasing transaction between the trust *136 and petitioners. The trust subsequently filed an amended fiduciary return for the taxable year 1978, with entries of zero for all items. The parties have stipulated that all income reported by the trust was taxable as petitioners' income, and that the vehicle leasing transaction between the trust and petitioners was a nullity. In April 1979, before filing their joint Federal income tax return for the taxable year 1978, petitioners decided that the trust had been misrepresented and attempted to find the promoters for a refund of the fee. The petitioners were unable to contact the promoters or to receive a refund of any portion of the $1,610 paid in the taxable year 1978. Petitioners nonetheless utilized the trust as a reporting device for the taxable year 1978 and omitted Mr. Crowder's consultation income from their joint return. They also included several items on the joint return relating to income from or deductions for payments to the trust. Finally, petitioners deducted the $1,610 payment under section 212. The petitioners did not view this payment as a loss until after the end of the 1978 taxable year. Petitioners sold 100 shares of Loraine silver stock and *137 100 shares of Volkforstein gold stock in the taxable year at issue. The certificates were purchased at coin shows and sold for a total of $1,400 on July 1, 1978. Petitioners claimed a long-term capital loss of $2,150 on their joint return. No purchase dates or purchase prices have been established. Petitioners did not have a cash hoard at the beginning of the taxable year 1978. Petitioners never mentioned such a hoard at any point during the discussions and interviews with agents and employees of respondent until three hours before trial. The Commissioner determined, in his statutory notice, that the John W. Crowder Trust was devoid of economic reality and disallowed all items on petitioners' joint Federal income tax return for the taxable year 1978 relating to income from or deductions for payments to the trust.The $1,610 deduction for the creation of the trust was disallowed as a nondeductible personal expense.The Commissioner also determined that no cost basis or holding period had been established for the gold and silver stock certificates sold in 1978, and that the gross receipts from those sales were thus taxable as short-term capital gain. The Commissioner *138 further determined an addition to gross income in the amount of $20,299 by reference to a sources and application of funds analysis. A number of additional adjustments were made in the statutory notice disallowing all or part of deductions claimed for depreciation, business expenses, employee business expenses, taxes, and miscellaneous itemized deductions, and determining that no cost basis or holding period had been substantiated for real estate sold in 1978. The majority of these additional adjustments were conceded prior to trial. The net of all of the adjustments determined was an increase in petitioners' adjusted gross income from the $13,381 reported on petitioners' joint return to $50,903. OPINION The statutory notice of deficiency is presumptively correct, and petitioners have the burden of disproving each individual adjustment. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In the absence of any evidence presented as to the majority of the adjustments made in the statutory notice of deficiency, petitioners are deemed to have conceded the correctness *139 of the Commissioner's determination, except as modified by the joint stipulation. Further, to the extent that the stipulated figures vary from the amounts determined in the statutory notice, the respondent is deemed to have adopted as correct the figures contained in the stipulation. The firstissue for decision is whether the $1,610 payment made by petitioners for advice and documents relating to the creation and use of the John W. Crowder Trust is deductible. Petitioners claimed the $1,610 payment as a deduction under section 212 on their original return, and as a casualty loss under section 165 on their amended return and at trial. Respondent disallowed the deduction as a nondeductible personal expense. Petitioners have the burden of proof on this issue. Rule 142(a). In order for this expense to be deductible under section 212, the payment must be either a cost of managing and conserving income-producing property under section 212(2) or incurred for legitimate tax advice and tax planning under section 212(3). The trust itself was devoid of economic reality, and was used *140 as a mere device to assign income and avoid taxation. Vercio v. Commissioner,73 T.C. 1246 (1980); Markosian v. Commissioner,73 T.C. 1235 (1980); Wesenberg v. Commissioner,69 T.C. 1005 (1978). This Court denied a deduction where the payment was for advice on rearranging title to income or planning one's personal and family affairs, as is typical with this type of trust. Luman v. Commissioner,79 T.C. 846 (1982); Epp v. Commissioner,78 T.C. 801 (1982). Petitioners must prove that a specific portion of the $1,610 was allocated for the payment of a deductible item. As petitioners have failed to meet their burden of proving that any portion of the payment to the promoters was for any deductible purpose under section 212, the Commissioner's determination is sustained. Welch v. Helvering,supra;Rule 142(a). In the alternative, petitioners argue that the $1,610 payment resulted in a theft loss because the trust failed to perform its expected tax-saving function. Petitioners bear the burden of proving that the $1,610 payment represents a theft loss. Rule 142(a). *141 The pertinent parts of section 165 provide: (a) GENERAL RULE.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) LIMITATION ON LOSSES OF INDIVIDUALS.--In the case of an individual, the deduction under subsection (a) shall be limited to-- * * * (3) losses of property not connected with a trade or business, if such losses arise from * * * theft. * * * * * * (e) THEFT LOSSES.-- * * * [a]ny loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss. [Emphasis added.] We need not examine the nature and deductibility of the loss sustained, if any, as petitioners admitted that they did not view this payment as a loss or theft until after the end of the taxable year 1978, thus clearly falling outside the parameters of deductibility under section 165. The second issue for decision is whether petitioners met their burden of substantiating the purchase dates and cost basis in goldand silver stock certificates sold *142 in 1978. The stipulation of the parties described the certificates as 100 shares of Loraine silver stock and 100 shares of Volkforstein gold stock. At trial, Mr. Crowder stated that the certificates were for 1000 shares of Loraine gold stock purchased on April 1, 1975, and 1000 shares of Blactaine silver stock purchased on July 1, 1976. Mr. Crowder was not sure of the purchase dates until shortly before trial, and relied only upon his memory for both the descriptions of the certificates and the purchase dates. Mr. Crowder testified that, when purchased, the fair market value of the gold certificates was between $2.50 and $2.80 per share, and the silver certificates had a value of "somewhere around $ .75" per share. No evidence was offered as to the actual purchase prices. The values at sale of the gold and silver stock were stated to be $1.15 to $1.20 and $ .35 per share, respectively. Mr. Crowder's statements as to both purchase dates and valuations were not supported by any documents, were reconstructions and approximations, and were inconsistent with both the stipulations and cost basis claimed for the stock on the return. Mr. Crowder's vague and contradictory statements fail *143 to meet petitioners' burden of substantiating the cost basis or holding period of the stock, and the Commissioner's determination is sustained. Welch v. Helvering,supra;Rule 142(a). The third issue is whether petitioners owned a cash hoard of $12,000 that was omitted from the sources and application of funds analysis used by the Commissioner. Petitioners have not contested the validity of the Commissioner's analysis, which determined a failure to report gross income in the amount of $20,299 for the taxable year 1978. Petitioners' only contention is that the sources of funds shown in the analysis should be corrected to include a cash hoard of $12,000 accumulated by petitioners over a period of time and applied by them toward various purchases during the 1978 taxable year. Petitioners' assertion that they kept $12,000 in cash in their home is supported only by Mr. Crowder's self-serving testimony. We are not required to accept the witness' implausible testimony when it is uncorroborated by documentary evidence. Gatling v. Commissioner,286 F.2d 139, 143 (4th Cir. 1961), *144 quoted with approval in Nocholas v. Commissioner,70 T.C. 1057, 1064 (1978). Generally, absent independent verification, we are disinclined to believe testimony of the existence of a cash hoard. Burgo v. Commissioner,69 T.C. 729, 745 (1978). Testimony of a cash hoard revealed for the first time on the day of trial is little more than "a belated and blatant concoction which [is] not entitled to any credit." United States v. Gay,567 F.2d 1206, 1207 (2d Cir. 1978), quoted with approval in United States v. Greene,698 F.2d 1364, 1371 (9th Cir. 1983). After observing the demeanor of the witness, we find that petitioners' claim of a cash hoard is not credible, and we hold that no such hoard existed. Petitioners bear the burden of disproving the Commissioner's determination of an addition to tax, under section 6653(a), for negligence or intentional disregard of rules and regulations resulting in underpayment of tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Rule 142(a). It is clear *145 that petitioners failed to report a substantial portion of their income by use of the trust, and as reflected by the Commissioner's reconstruction of petitioners' income and expenditures.Petitioners have offered no reasonable cause for this underpayment, and have failed to disprove negligence or intentional disregard of the rules and regulations. Moreover, petitioners sought no advice as to the legal and tax consequences of the formation and operation of the trust. Before petitioners filed their return, they were advised by the Commissioner that the trust was invalid, and had themselves decided that the promoters had misrepresented the attributes of the trust.They nonetheless made the decision to use the trust device as an attempt to improperly assign income. United States v. Basye,410 U.S. 441 (1973); Commissioner v. Culbertson,337 U.S. 733 (1949); Lucas v. Earl,281 U.S. 111 (1930). The addition to tax under section 6653(a) is, therefore, upheld. Hanson v. Commissioner,696 F.2d 1232, 1234 (9th Cir. 1983), affg. a Memorandum Opinion of this Court; Schulz v. Commissioner,686 F.2d 490 (7th Cir. 1982); *146 Vnuk v. Commissioner,621 F.2d 1318, 1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩